OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. Defendant was charged as an accomplice in the sale of
 
 *867
 
 drugs based upon the following evidence. During daylight hours an undercover officer approached a man on a Brooklyn street and offered to buy drugs. The man walked a few feet to a car where defendant sat, and defendant passed several packets of heroin to him through the car window. The man then sold one packet to the undercover officer. The People established that defendant and the intermediary had been in the car together shortly before the sale, that the entire transaction with the undercover officer was visible to defendant and that defendant provided a quantity of drugs that would be inconsistent with a purchase solely for the intermediary’s personal use.
 

 From this evidence and the permissible inferences to be drawn from it, the jury had a sufficient basis for concluding that defendant possessed the requisite intent to aid the intermediary in the sale of the drugs to the officer under a theory of accomplice liability
 
 (see,
 
 Penal Law §§ 15.05, 20.00;
 
 see also, People v Kaplan,
 
 76 NY2d 140;
 
 compare, People v Lipton,
 
 54 NY2d 340).
 

 Defendant’s other argument on appeal is unpreserved.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.