SHAHOOD, Judge.
Appellant Douglas Rohaus appeals his convictions and sentences on four counts of official misconduct, seven counts of grand theft, and ten counts of petit theft. Rohaus raises four points on appeal. We find merit only in the final issue which addresses a sentencing irregularity. We accordingly affirm his convictions, but reverse his sentences and remand to the trial court to correct a sentencing error.
Appellant was a forfeiture officer with the Hallandale, Florida, police department. As a result of an internal audit, appellant was charged by amended information with thirteen (13) counts of official misconduct, seven (7) counts of grand theft, and ten (10) counts of petit theft. At the conclusion of the state’s case, Rohaus moved for a judgment of acquittal, which the court granted on nine of the thirteen counts of official misconduct including count I. Thereafter, appellant was convicted by a jury of the remaining counts.
At sentencing the trial court sentenced Rohaus on each of the petit theft counts to a term of county jail time to run concurrent with that imposed in count I; however, count I had been previously dismissed by the court pursuant to the judgment of acquittal.
It is axiomatic that one cannot be sentenced to a term of punishment that runs concurrently with the sentence imposed for a dismissed count because no such sentence exists. See generally Thomas v. State, 633 So.2d 1122 (Fla. 5th DCA), review denied, 640 So.2d 1109 (Fla.1994).
AFFIRMED; REMANDED FOR RE-SENTENCING.
STONE and FARMER, JJ., concur.