■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY MURRAY, Appellant. [701 NYS2d 426] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered October 25, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender to concurrent terms of 7½ to 15 years, unanimously reversed, on the law, and the matter remanded for a new trial. Judgment, same court (Phylis Skloot Bamberger, J.), rendered January 16, 1997, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing him as a second felony offender, to a term of 7½ to 15 years, consecutive to the above sentence, unanimously affirmed.

On this record, we cannot conclude that there was a demonstrable substantial probability that the undercover officer's safety would have been jeopardized by the presence, during his testimony, of defendant's wife (*People v Nieves*, 90 NY2d

426), who no longer resided in the Bronx where defendant was arrested and was not shown to be involved in drug trafficking. As such, we are constrained to reverse the judgment under Indictment Number 5174/94. However, there is no reason to reverse the unrelated judgment under Indictment Number 121/96, rendered upon defendant's negotiated plea, where the sentence agreement provided for consecutive sentences. Concur—Rosenberger, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.