■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN WRIGHT, Also Known as MAURICE BLALOCK, Also Known as YUSEF ABDUL-SABOOR, Appellant. [706 NYS2d 29] —Judgment of resentence, Supreme Court, New York County (Charles Solomon, J.), rendered July 1, 1997, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 7 years, unanimously affirmed. Judgment, same court (Charles Solomon, J., at suppression hearing; Richard Car-

ruthers, J., at jury trial and sentence), rendered November 18, 1997, convicting defendant of robbery in the first degree, burglary in the first degree, robbery in the third degree (two counts) and attempted robbery in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 23 years to life on the robbery in the first degree and burglary in the first degree convictions, 3½ to 7 years on the robbery in the third degree convictions and 2 to 4 years on the attempted robbery in the third degree conviction, to run consecutively to the sentence imposed for defendant's conviction upon his plea of guilty, unanimously modified, on the law, to the extent of vacating the persistent violent felony offender adjudication and substituting a finding that defendant is a second violent felony offender, and remanding for resentencing as to all counts, and otherwise affirmed.

The court properly denied defendant's motion to suppress identification evidence, since defendant was already in lawful custody when he was placed in a lineup on separate, unrelated charges (*People v Whitaker*, 64 NY2d 347, *cert denied* 474 US 830; *People v Crawford*, 221 AD2d 462, *lv denied* 87 NY2d 920).

The court properly exercised its discretion in refusing to order disclosure of the names and addresses of 10 victims of other robberies who failed to identify defendant at lineups (*see, People v Andre W.*, 44 NY2d 179). This information did not constitute *Brady* material (*Brady v Maryland*, 373 US 83) under the circumstances. The other robberies were not so similar or otherwise connected to the charged crimes that proof of defendant's innocence of the uncharged crimes would cast doubt on his guilt of the charged crimes (*see, People v McMahon*, 180 AD2d 535; *People v Johnson*, 62 AD2d 555, 558-559, *affd* 47 NY2d 785, *cert denied* 444 US 857). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.

The court properly denied defendant's motion to vacate his guilty plea when it vacated the unlawful sentence it had originally imposed on that conviction and imposed a lawful sentence of 7 years as a second violent felony offender. The sentencing error occurred as a result of defendant's attempt to perpetrate a fraud on the court by using an alias and denying his prior criminal record (*see, People v Costello*, 231 AD2d 446, *lv denied* 89 NY2d 863; *People v Smith*, 223 AD2d 465, *lv denied* 88 NY2d 854).

However, defendant was improperly adjudicated a persistent

violent felony offender in the case where he was convicted after trial. Although the original sentencing on defendant's conviction by guilty plea occurred prior to the crimes upon which defendant was convicted after trial, the above-discussed resentencing occurred after those crimes. Therefore, the instant plea conviction did not qualify as a predicate conviction for purposes of sentencing as a persistent violent felony offender (Penal Law § 70.04 [1] [b] [ii]; § 70.08 [1] [b]; *People v Bell*, 73 NY2d 153, 165; *People v Robles*, 251 AD2d 20, *lv denied* 92 NY2d 904). We are mindful of the fact that it was defendant's own misconduct in misrepresenting his identity and prior record that led to the resentencing in the first place. Nevertheless, multiple offender status is defined by the plain statutory language, which courts are not free to disregard (*People v Tatta*, 196 AD2d 328, *lv denied* 83 NY2d 972). In light of the foregoing, we do not reach defendant's remaining contention that his sentence was excessive. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.