■ In the Matter of AHMAD ABD'AL MUNTAQIM, Also Known as EDWARD G. MCKNIGHT, Appellant, v VICTOR HERBERT, as Superintendent of Collins Correctional Facility, et al., Respondents. [716 NYS2d 502] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the petition seeking to vacate the determination that petitioner's earliest eligible parole date is March 17, 2002. In 1973 petitioner was convicted of murder in the second degree (Penal Law § 125.25 [1]) and attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) based on crimes committed in 1972. In 1975 the judgment of conviction was re-

versed (*People v McKnight,* 36 NY2d 518), and petitioner was released from prison. In 1977 he was convicted on the retrial of those charges and sentenced to an aggregate term of 25 years to life. While petitioner was released from prison and awaiting his second trial, he was charged in connection with four murders, and in 1978 he was convicted of those murders. Petitioner was sentenced to concurrent terms of 25 years to life on each murder conviction, to run consecutively with the sentence that he was serving for the 1972 crimes. In 1980 the judgment of conviction for the 1972 crimes was again reversed on appeal (*People v McKnight,* 52 NY2d 760), and in 1982 petitioner pleaded guilty to a reduced charge in satisfaction of the indictment charging him with those crimes. He was sentenced to $8^1/_3$ to 25 years, to run concurrently with any sentence that he was serving.

Petitioner contends that the credit for time served from 1972 should be applied to the 1978 sentence, and that the sentence of $8^1/_3$ to 25 years should run concurrently with the aggregate sentence of 25 years to life that was imposed in 1978, thereby making him eligible for parole in April 1998 rather than March 2002. We disagree. "When a sentence of imprisonment that has been imposed on a person is vacated and a new sentence is imposed on such person * * * for an offense based upon the same act, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time credited against the vacated sentence shall be credited against the new sentence" (Penal Law § 70.30 [5]). Even assuming that the plea bargain included the promise that the sentence would run concurrently with the sentence imposed in 1978, as petitioner contends, we conclude that the court was without the authority to do so. The 1978 sentence had commenced and could not be changed (*see,* CPL 430.10) and, moreover, the court in 1982 was bound by the imposition of consecutive sentences as the law of the case for the 1978 conviction (*see generally, People v Bradley,* 247 AD2d 929, *lv denied* 91 NY2d 940). Thus, the sentence of $8^1/_3$ to 25 years is deemed to have commenced in 1973; credit for time served on the sentence imposed for the crimes committed in 1972 shall be credited to the sentence of $8^1/_3$ to 25 years; and the 1978 sentence is to run consecutively to the sentence of $8^1/_3$ to 25 years. Upon our review of the record, we conclude that petitioner's parole eligibility date was properly calculated. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.