[747 NYS2d 492]

In the Matter of Ricky Murray, Respondent, v Glenn S. Goord, as Commissioner of Correctional Services, et al., Appellants.

First Department, October 1, 2002

### APPEARANCES OF COUNSEL

*Andrew E. Abraham* of counsel (*Andrew C. Fine, Legal Aid Society,* attorney), for respondent.

*Denise A. Hartman* of counsel (*Nancy A. Spiegel* on the brief; *Eliot Spitzer, Attorney General* of New York State, attorney), for appellants.

### OPINION OF THE COURT

RUBIN, J.

This matter involves the status of a vacated judgment of conviction for the purpose of requiring petitioner to serve his sentence consecutively with an undischarged term of imprisonment imposed after his conviction for an unrelated crime. Respondents contend that a previous drug conviction, subsequently vacated by this Court (268 AD2d 349, *lv denied* 95 NY2d 801), is nevertheless a valid basis for requiring petitioner to serve his sentence for the subject manslaughter conviction consecutively to the sentence for the narcotics offense. Respondents note that the manslaughter conviction was sustained on appeal to this Court (*id.*). Relying on CPL 430.10, they assert that the judgment's successive sentence provision is not subject to modification because petitioner had already begun serving the sentence for manslaughter. Thus, respondents conclude that they were correct in calculating petitioner's aggregate sentence based upon consecutive periods of incarceration, as provided by the judgment entered on the manslaughter conviction.

The chronology of events is integral to the disposition of this appeal. In 1996, after a jury trial, petitioner was convicted of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree under Bronx County indictment number 5174/94. He was sentenced to concurrent indeterminate terms of 7½ to 15 years on each charge. In 1997, petitioner was convicted of manslaughter in the first degree under Bronx County indictment number 121/96. Thus, at the time of sentencing on the manslaughter conviction, petitioner was "subject to [an] undischarged term of imprisonment imposed at a previous time by a

court of this state" (Penal Law § 70.25 [1]). Pursuant to the terms of a negotiated plea agreement, petitioner pleaded guilty to the manslaughter charge. Consistent with the discretion afforded by statute to impose either a concurrent or consecutive period of incarceration (*id.*), the court sentenced petitioner to a term of 7½ to 15 years, to be served consecutively with the sentence imposed following his conviction on the unrelated controlled substance charges.

The two cases against petitioner were consolidated for appeal. This Court affirmed the manslaughter conviction and reversed the earlier drug conviction (*supra*, 268 AD2d 349, *lv denied* 95 NY2d 801). Rather than seek retrial, the People accepted petitioner's plea of guilty to criminal sale of a controlled substance in the third degree in exchange for a sentence of 7½ to 15 years, to be served *concurrently* with the sentence imposed on the manslaughter conviction. Supreme Court (Edward M. Davidowitz, J.) sentenced petitioner in accordance with the plea agreement in October 2000 and issued a commitment order.

In response to his inquiry regarding eligibility for parole, the Department of Correctional Services informed petitioner that his aggregated sentence was 12 to 24 years based on two terms of imprisonment that are to be served consecutively. In a letter to counsel, the Department took the position that pursuant to the decision of the Appellate Division, Fourth Department, in *Matter of Muntaqim v Herbert* (277 AD2d 976, *lv denied* 96 NY2d 704), the "relationship between such sentences had to remain consecutive. Thus, the Court that resentenced Mr. Murray on indictment #5174/94 could not change it from consecutive to concurrent."

Petitioner then commenced this CPLR article 78 proceeding seeking an order in the nature of mandamus to direct respondents Commissioner and Deputy Commissioner and Counsel of the New York State Department of Correctional Services to recalculate his sentence in accordance with the later judgment imposing concurrent terms of imprisonment. Supreme Court granted the petition and directed respondents to recalculate petitioner's sentence for manslaughter to run concurrently with the sentence imposed upon the subsequent drug conviction.

Supreme Court's disposition rests on the presumptive validity of the judgment entered by Justice Davidowitz and the sentence imposed thereunder. As the court stated, the "Department of Correctional Services is not statutorily authorized to

unilaterally set aside a determination of a [J]ustice of the Supreme Court." In directing respondents to calculate eligibility for parole on sentences to be served concurrently, the court emphasized that they are vested with no discretion to vary the terms of an order of commitment (citing *Middleton v State of New York*, 54 AD2d 450, 452, *affd* 43 NY2d 678 *on op below* ["prison officials are conclusively bound by the contents of commitment papers accompanying a prisoner"]). The court therefore declined to entertain respondents' contrary arguments, noting that whether a sentence is to run concurrently or consecutively is a matter within *"the exclusive province of the Courts*, subject to enabling legislation" (emphasis in original).

As a general matter, it is well settled that unless there is an infirmity of jurisdiction of the subject matter so as to render it void, an order or judgment of a court is binding on all persons subject to its mandate until vacated or set aside on appeal (*Hughes v Cuming*, 165 NY 91; *see also Cook v Cook*, 342 US 126, 128). Irrespective of any opinion respondents might entertain towards the order of commitment issued by Justice Davidowitz, they are not vested with the discretion to ignore its terms. As the last order of commitment received from Supreme Court, the order issued by Justice Davidowitz supersedes any prior order of commitment. Furthermore, by presuming to determine the court's authority to issue the order, respondents have intruded upon the prerogative of this Court to decide the delicate question of whether, by departing from the terms of the previous order of commitment, Justice Davidowitz may have transgressed the proscription against overruling a court of coordinate jurisdiction (*see People v Johnson*, 148 AD2d 304, 305; *People v Finley*, 104 AD2d 450).

With respect to a judgment imposing sentence in particular, respondents are without a statutory basis upon which to contest the terms of incarceration. Apart from the defendant, the right to appeal the propriety of a sentence is conferred exclusively upon the prosecutor (CPL 450.20 [4]; 450.30 [2], [3]). If the terms of a plea agreement negotiated between the People and the defendant are acceptable to a sentencing court, there is no statutory authority permitting a third party to contest the validity of the sentence imposed, as to either length or simultaneity. Respondents, on behalf of a prisoner, are limited to informing the District Attorney of the county in which sentence was imposed that it appears to be erroneous (Correction Law § 601-a). Consistent with the Criminal Proce-

dure Law, Correction Law § 601-a vests the right to assess the propriety of the sentence in the District Attorney.

This Court finds no error in Supreme Court's refusal to apply the reasoning of *Matter of Muntaqim v Herbert* (*supra*) to the facts of this case. While *Muntaqim* likewise involves a vacated judgment of conviction, the circumstances are not analogous. The sentence in dispute in *Muntaqim* appears to have been imposed for a crime (homicide) that was committed while the petitioner was released from prison and awaiting retrial for a previous homicide (Penal Law § 70.25 [2-b]). Irrespective of the reversal of the conviction and associated sentence, it remains that the subject offense was committed while the petitioner was released but awaiting trial and that a "sentence of imprisonment [was] imposed in each case" (*id.*). Therefore, upon conviction following retrial, the court was obliged to impose a consecutive sentence, absent a finding of mitigating circumstances.

Respondents concede that this matter is governed by Penal Law § 70.25 (1), which affords the court the discretion to impose sentence either consecutively or concurrently. The only issue is whether the exercise of that discretion by the original sentencing court, imposing consecutive sentences, is law of the case so as to deprive the subsequent sentencing court of the discretion to provide for concurrent sentences.

The law of the case doctrine is inapplicable. It is axiomatic that any reference to an "undischarged term of imprisonment" in the Criminal Procedure Law denotes a lawful sentence imposed upon a valid judgment of conviction. As a matter of statute, when judgment is reversed (CPL 470.10 [1]), the sentence imposed is vacated along with the judgment (CPL 1.20 [15]). Thus, when petitioner's conviction for criminal possession and sale was vacated, the predicate judgment of conviction and the associated sentence for manslaughter were no longer viable. The question of successive or simultaneous prison terms was thereby rendered academic; upon reversal of the drug conviction, there ceased to be any undischarged term of imprisonment to which the manslaughter sentence could be consecutive or concurrent.

Respondents rely on Penal Law § 70.30 (5) ("Time served under vacated sentence") as the basis for preserving the successive sentence imposed under the manslaughter conviction. Penal Law § 70.30 (5) provides, in material part, that where a sentence "is vacated and a new sentence is imposed * * * for the same offense * * * the new sentence shall be calculated as

if it had commenced at the time the vacated sentence commenced, and all time credited against the vacated sentence shall be credited against the new sentence." The purpose of this provision is clearly to assure that an inmate receives credit for time served in connection with a sentence imposed upon a judgment that has been vacated, applying any period of incarceration towards a sentence subsequently imposed following conviction for the same offense or act. It falls far short of stating, as respondents urge, that the subsequent sentence must be treated as having been imposed at the time of the original sentence.

Previous decisions by this Court support this reasoning. In *People v Wright* (270 AD2d 213, *lv denied* 95 NY2d 859), where the predicate sentence was originally imposed prior to the subject crimes but resentencing occurred after those crimes, we held (at 214-215) that the defendant was improperly adjudicated a persistent violent felony offender. In finding that the sentence, subsequently vacated, cannot serve as a predicate, we observed (at 215) that "multiple offender status is defined by the plain statutory language, which courts are not free to disregard" (citing *People v Tatta*, 196 AD2d 328, *lv denied* 83 NY2d 972). Likewise in *People v Robles* (251 AD2d 20, 21, *lv denied* 92 NY2d 904), this Court vacated a second felony offender adjudication on the ground that the predicate sentence was held to be illegal and "a lawful sentence was not imposed until after the instant crimes were committed."

CPL 430.10, also invoked by respondents, is similarly unavailing. Its proscription against change, suspension or interruption of a sentence expressly exempts modification "specifically authorized by law." The vacating of a judgment of conviction on appeal, to which the subject sentence is to run consecutively, is certainly authorized by law (*see Matter of Anderson v Kirk*, 72 NY2d 995, 996-997). Thus, as previously noted, vacating the judgment of conviction renders moot the consecutive or concurrent aspect of the associated sentence by operation of law because there is no longer another sentence to which the remaining valid sentence can be either concurrent or consecutive. Significantly, the second felony offender provision (Penal Law § 70.06) uses the imposition of sentence, not the date of conviction, as the criterion of predicate status. The question of which "sentence" (Penal Law § 70.06 [1] [b]) constitutes the predicate for purposes of second felony offender adjudication in the event of reversal has been resolved; "the 'sentence' is the sentence imposed as a part of the final judg-

ment" (*People v Bell*, 73 NY2d 153, 165, *modfg* 138 AD2d 298 *for reasons stated in dissenting op*).

The discretion to impose either a concurrent or consecutive sentence under Penal Law § 70.25 (1) is constrained by the subsequent provisions of section 70.25. For purposes of this case, there is no pertinent provision that operates to limit the sentencing court's discretion. Moreover, because the judgment of conviction for the earlier drug offense was vacated, petitioner was not subject to an undischarged sentence "imposed prior to the date on which the present crime was committed" so as to implicate the operation of Penal Law § 70.25 (2-a).

This analysis finds further support on policy grounds. If the reasoning suggested by respondents were to be adopted, it would have a significant impact upon the disposition of criminal cases. Eliminating the option to extend the offer of a concurrent sentence would deprive the District Attorney of a powerful incentive for inducing a defendant to accept a plea. As a matter of public policy, the considerable latitude accorded to the District Attorney to negotiate the resolution of a criminal prosecution should not be unnecessarily fettered.

Accordingly, the judgment of the Supreme Court, Bronx County (Norma Ruiz, J.), entered January 7, 2002, which granted the article 78 petition and directed that petitioner's sentences be served concurrently, should be affirmed, without costs.

TOM, J.P., MAZZARELLI, ROSENBERGER and ELLERIN, JJ., concur.

Judgment, Supreme Court, Bronx County, entered January 7, 2002, affirmed, without costs.