892 So.2d 554 (2005)
Maurice WHIPPLE, Appellant,
v.
DEPARTMENT OF CORRECTIONS, STATE of Florida, Appellee.
No. 3D03-2877.
District Court of Appeal of Florida, Third District.
February 2, 2005.
Rehearing Denied February 2, 2005.
*556 Jepeway & Jepeway, P.A., and Louis M. Jepeway, Jr., for appellant.
Charles J. Crist, Jr., Attorney General, and David J. Glantz, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN, and RAMIREZ, JJ.

ON MOTION FOR CLARIFICATION
GREEN, J.
We treat appellant's motion to correct opinion as a motion for clarification, grant the same, withdraw our opinion of December 22, 2004, and substitute the following opinion in its stead.
Maurice Whipple appeals an adverse final summary judgment entered in his civil action against the State of Florida's Department of Corrections ("DOC") for false imprisonment. For the reasons which follow, we affirm.
Whipple, a former penal inmate, sued DOC in the civil action below. The gist of his suit was that he was imprisoned by DOC longer than his court-imposed sentences in three unrelated cases. The undisputed record evidence reveals that on September 30, 1994, Whipple was sentenced to 61 days in the Duval County Jail ("Duval sentence").[1] With credit given for time served, Whipple was released from jail on the same day that the sentence was imposed.
On December 8, 1994, Whipple was sentenced in St. Johns County, in two unrelated cases, to two concurrent prison sentences of three years and six months ("St. Johns sentence").[2] While serving these sentences, Whipple was sentenced on July 20, 1995, in Miami-Dade County, to a three and one-half year imprisonment term in yet another unrelated case ("Dade sentence"). The Dade sentence specified that it was to be served concurrent and coterminous with the Duval sentence.[3] The Dade sentence, however, did not address the St. Johns sentence which Whipple was then serving.
Whipple's position in his civil suit was that he should not have had to serve any time on the Dade sentence since it was structured to run concurrent and coterminous with his already expired Duval sentence. Thus, Whipple claimed that when he completed his St. Johns sentence on December 31, 1997 he was entitled to be released from custody by DOC. Whipple, however, was not released at that time.
*557 DOC's position was that the Dade sentence could not, as a matter of law, run concurrent and coterminous with the expired Duval sentence. DOC, therefore, treated the concurrent and coterminous language of the Dade sentence as a legal nullity. As a result, DOC reasoned that because the Dade sentence did not address the St. Johns sentence, Whipple's Dade sentence would have to be served consecutive to the St. Johns sentence pursuant to section 921.16(1), Florida Statutes (1995).[4]
Whipple was not released from custody until May 1, 2000, after the Dade trial court corrected the Dade sentence to run concurrent and be coterminous with the St. Johns sentence, nunc pro tunc July 20, 1995.[5]
After his release, Whipple filed the civil action below for false imprisonment and negligence against DOC. Whipple's theories of liability were that DOC held him against his will after the expiration of his St. Johns sentence on December 31, 1997, and that DOC made no attempt to ascertain the intent of the Miami-Dade sentencing judge where there was confusion about the concurrent and coterminous language of the Dade sentence.
Both parties moved for summary judgment on the false imprisonment claim.[6] The trial court granted summary judgment in favor of DOC and denied Whipple's motion. Whipple moved for rehearing and the trial court denied the same. On appeal, Whipple asserts three arguments as to why the summary judgment was improvidently entered in DOC's favor.
First, Whipple contends that DOC falsely imprisoned him, as a matter of law, when it refused to run his Dade sentence concurrent and coterminous with his expired Duval sentence as ordered by the Dade court. In failing to do so, Whipple asserts that DOC, as a member of the executive branch of government,[7] violated the separation of powers doctrine. Essentially, Whipple claims that his false imprisonment began on December 31, 1997 when he completed his St. Johns sentence and DOC required him to commence serving his Dade County sentence rather than releasing him from custody. In failing to run his Dade sentence concurrently and coterminous with his Duval sentence as ordered by the Dade court, Whipple argues that DOC violated the separation of powers doctrine. We disagree.
To begin with, we agree with DOC that the concurrent and coterminous language of Whipple's Dade sentence was mere surplusage and a nullity as a matter of law. That is because a sentence that has been fully served leaves nothing for another sentence to be attached as concurrent or coterminous. See Rohaus v. State, 667 So.2d 858, 858 (Fla. 4th DCA 1996) ("It is axiomatic that one cannot be sentenced to a term of punishment that runs concurrent with the sentence imposed for a dismissed count because no such sentence exists."); State v. Franklin, 175 N.J. 456, 815 A.2d *558 964, 966 (2003) ("That part of [defendant's] sentence made to run concurrent to the [prior] offense was rendered a nullity because he had already served the full time on the [prior] offense."); see also Murray v. Goord, 298 A.D.2d 94, 747 N.Y.S.2d 492, 497 (2002) ("[V]acating the judgment of conviction renders moot the consecutive or concurrent aspect of the associated sentence by operation of law because there is no longer another sentence to which the remaining valid sentence can be either concurrent or consecutive."). Accordingly, DOC was entitled to treat the concurrent and coterminous language of the Dade sentence as void, ineffective and/or mere surplusage, in much the same manner that the judiciary does. See Ex parte Sams, 67 So.2d 657, 659 (Fla.1953) (finding that a sentence prescribing that it run concurrent with an earlier sentence should be regarded as surplusage where the earlier sentence was void because the purported crime to which the earlier sentence was imposed was legally unauthorized and nonexistent).
In properly treating the concurrent and coterminous language of Whipple's Dade sentence as a nullity, DOC therefore had before it an otherwise valid sentence which did not mention Whipple's existing St. Johns sentence. Under such circumstances, DOC was required to run the Dade sentence consecutive to the St. Johns sentence pursuant to the legislative mandates of section 921.16(1). See, e.g., Fox v. State, 827 So.2d 377, 378 (Fla. 3d DCA 2002) (holding that DOC correctly structured a defendant's 1976 and 1992 sentences to run consecutively where they were not charged in the same instrument and the court did not order them to be served concurrently). In so doing, DOC acted with color of authority and Whipple's false imprisonment claim must fail as a matter of law. See Everett v. Fla. Inst. of Tech., 503 So.2d 1382, 1383 (Fla. 5th DCA 1987) (In order to sustain a false imprisonment claim, there must be proof of imprisonment without color of authority). See also Jackson v. Navarro, 665 So.2d 340 (Fla. 4th DCA 1995) (same). The entry of summary judgment on this claim was, therefore, entirely proper.
Whipple nevertheless maintains that DOC's failure, as an executive agency, to implement the concurrent and coterminous language of the Dade sentence was a violation of the separation of powers doctrine. We again disagree. The separation of powers doctrine has been expressly codified in article II, section 3 of the Florida Constitution, which divides state government into three branches and prohibits one branch from exercising the powers of the other two branches:
Branches of Government  The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.
The Florida Supreme Court has explained that the separation of powers doctrine encompasses two fundamental prohibitions. "The first is that no branch may encroach upon the powers of another. The second is that no branch may delegate to another branch its constitutionally assigned power." Bush v. Schiavo, 885 So.2d 321 (Fla.2004) (quoting Chiles v. Children A, B, C, D, E, & F, 589 So.2d 260, 264 (Fla.1991)).
Whipple is apparently taking the position that DOC's refusal to implement the concurrent and coterminous language of the Dade sentence was an encroachment by an executive agency upon the powers of judiciary. The flaw in this argument, however, as previously discussed, is that the concurrent and coterminous language of *559 the Dade sentence is deemed to be a legal nullity or mere surplusage by the judiciary itself. See Ex Parte Sams, supra, and Rohaus v. State, supra. Indeed, all of the cases relied upon by Whipple have found a violation of the separation of powers doctrine only where another branch of government has failed to recognize a valid or lawful judicial order or judgment. See Bush v. Schiavo, (holding that a legislative enactment unconstitutionally encroached upon the power of the judiciary where the act effectively reversed a properly rendered final judgment); see also Moore v. Pearson, 789 So.2d 316, 319 (Fla.2001) (finding that DOC violated the separation of power doctrine when it refused to implement an otherwise lawful coterminous sentence); Hudson v. State, 682 So.2d 657 (Fla. 3d DCA 1996) (where trial court had exercised its lawful discretion not to deem the defendant a habitual violent felony offender and impose mandatory sentence, the DOC lacked authority to add a mandatory term to defendant's sentence); Slay v. Singletary, 676 So.2d 456, 457 (Fla. 1st DCA 1996) ("[T]he sentencing documents at issue here in fact properly award appellant all credit to which he was legally entitled, and are sufficient to impose a duty on the Department of Corrections to apply that credit.").
Whipple's second argument on this appeal is that to the extent that there was an ambiguity about the concurrent and coterminous language of the Dade sentence, that ambiguity had to be resolved in favor of his release under the principle of lenity applied in criminal cases. Therefore, Whipple urges that the summary judgment must be reversed because DOC violated the principle of lenity.
The rule of lenity has been codified in section 775.021 and provides that:
[T]he provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
See § 775.021(1), Fla. Stat. (1988). This statute also provides that:
The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.
See § 775.021(4)(b), Fla. Stat. (1988). In construing these two statutory provisions, we find no merit to Whipple's argument.
As correctly pointed out by the DOC, there was no ambiguity in the Dade sentence. The concurrent and coterminous language of this sentence simply could not be given legal effect due to the expiration of Whipple's Duval sentence. The Dade sentencing order never mentioned the St. Johns sentence, even though Whipple was serving the St. Johns sentence when the Dade sentence was imposed. In the absence of an expressed intent on the part of the Miami-Dade court that the Dade sentence run concurrent and coterminous with the St. Johns sentence, DOC was statutorily obligated, as stated earlier, to run the Dade sentence consecutive to the St. Johns sentence. See § 921.16(1), Fla. Stat. (1995). The rule of lenity, therefore, has no applicability herein.
Finally, Whipple contends that DOC violated his right against double jeopardy when it failed to give effect to the concurrent and coterminous language of the Dade sentence. We find no merit to this argument either. Whipple's various sentences were imposed for different offenses in different prosecutions. See Bell v. State, 437 So.2d 1057 (Fla.1983) (double jeopardy is implicated, inter alia, when a *560 criminal defendant is subject to multiple punishments for the same offense).
Thus, for all of the foregoing reasons, we conclude that summary judgment on the false imprisonment claim was appropriately entered in DOC's favor. We, accordingly, affirm.
Affirmed.
NOTES
[1] State v. Whipple, Duval County Circuit Court Case No. 94-8043-CF-A
[2] State v. Whipple, St. Johns County Circuit Court Case No. CF93-1676, and State v. Whipple, St. Johns County Circuit Court Case No. CF93-1205.
[3] State v. Whipple, Miami-Dade County Circuit Court Case No. 93-8354.
[4] That section provides in relevant part:

Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently.
§ 921.16(1), Fla. Stat. (1995).
[5] On this appeal, Whipple acknowledges that his Dade sentence should have initially been made to run concurrent and coterminous with his St. Johns sentence.
[6] Whipple's negligence claim was not adjudicated by the trial court in the summary judgment and remains pending before the court below.
[7] Pursuant to section 20.315, DOC was created as an executive agency. § 20.315, Fla. Stat. (2003).