■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENITO ACEVEDO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE COTTO, Appellant. [878 NYS2d 327]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered November 14, 2006, convicting defendant Acevedo, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior conviction was a violent felony, to concurrent terms of six years, unanimously affirmed. Judgment, same court, (Rena K. Uviller, J., at suppression hearing; Renee A. White, J., at jury trial and sentence), rendered November 28, 2006, convicting defendant Cotto of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of six years, unanimously affirmed.

Defendants did not preserve any claim that the court's ruling permitting the two undercover detectives to testify under their

shield numbers violated defendants' constitutional rights, including their right of confrontation. At a *Hinton* hearing (*People v Hinton*, 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]), defendants stated their opposition to closure of the courtroom. In that connection, defendants expressed, at most, a perfunctory opposition to concealment of the officers' names. In particular, neither defendant asserted any need to know the officers' names for purposes of impeachment or investigation. Accordingly, defendants' present constitutional arguments (*see Smith v Illinois*, 390 US 129 [1968]), including Cotto's pro se claim, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (*see United States v Rangel*, 534 F2d 147, 148 [9th Cir 1976], *cert denied* 429 US 854 [1976]). The People's showing of an overriding interest justifying partial closure of the courtroom also satisfied their burden, under *People v Waver* (3 NY3d 748 [2004]), of establishing a need for the officers' anonymity. Moreover, in addition to that showing, both officers provided particularized explanations for their fear of disclosing their true names to defendants and their relatives. Defendants have not established that learning the officers' true names, as opposed to their shield numbers, would have had any impeachment or investigatory value (*see People v Washington*, 40 AD3d 228 [2007], *lv denied* 9 NY3d 927 [2007]).

We reject defendant Cotto's challenges to the sufficiency and weight of the evidence against him (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. His argument that the evidence only established that he sold drugs to defendant Acevedo, who then made a separate sale to an undercover officer, is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The chain of events, viewed as a whole, warrants the inference that Cotto and Acevedo had acted as a team to sell drugs to the officer, and that they jointly possessed, with intent to sell, the eight additional glassine envelopes of heroin recovered from Acevedo (*see e.g. People v Roman*, 83 NY2d 866 [1994]).

The court properly denied Cotto's request to exclude from evidence $146 in one-dollar and five-dollar bills recovered from him at the time of his arrest. This evidence was highly probative of Cotto's intent to sell the drugs recovered from Acevedo (*see People v White*, 257 AD2d 548, 548-549 [1999], *lv denied* 93 NY2d 930 [1999]). To the extent that Cotto is presently arguing that the money was irrelevant because he did not act in concert with Acevedo in possessing the drugs, that was a question for

the jury. As noted, the jury could properly resolve that issue against Cotto.

We have considered and rejected Cotto's pro se claims regarding the hearing court's suppression ruling and the trial court's response to a jury note. Concur—Mazzarelli, J.P., Sweeny, Nardelli, Freedman and Richter, JJ.