[901 NYS2d 239]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENITO ACEVEDO, Appellant.

First Department, May 25, 2010

### APPEARANCES OF COUNSEL

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Jan Hoth* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Dana Poole* and *David M. Cohn* of counsel), for respondent.

### OPINION OF THE COURT

Tom, J.P.

Defendant appeals from the denial of his CPL 440.20 motion to set aside the sentence imposed upon his adjudication as a second felony drug offender based on a 2001 conviction. Under Penal Law § 70.06 (1) (b) (ii), it is the sentence date that determines whether a crime constitutes a predicate offense, not the date of conviction. Since defendant was resentenced for the 2001 crime *after* the instant offense was committed, the second felony adjudication and the sentence entered thereon must be vacated.

In June 2001, defendant pleaded guilty to attempted robbery in the second degree in full satisfaction of the charges against him. He was adjudicated a second felony offender based on a 1993 Massachusetts conviction for distribution of a controlled substance, and on July 19, he received a determinate sentence of four years. However, at sentencing the court did not pronounce the mandatory term of postrelease supervision (PRS). Defendant did not appeal his conviction, nor did he argue that his sentence was illegal. Thereafter, the Department of Correctional Services (DOCS) imposed a five-year period of PRS.

In 2006, in the matter on appeal, defendant was convicted of criminal possession and criminal sale of a controlled substance

in the third degree. On November 14 of that year he was adjudicated a second felony drug offender (Penal Law § 70.70 [1] [b]) based on the 2001 attempted robbery conviction, which was a violent felony (Penal Law § 70.02 [1] [c]). He was sentenced to concurrent terms of six years, to be followed by three years' PRS. On appeal, defendant did not contest his adjudication as a violent predicate felon, and this Court affirmed the conviction (62 AD3d 464 [2009], *lv denied* 13 NY3d 741 [2009]).

In 2008, defendant brought a motion for resentencing on the 2001 attempted robbery conviction (CPL 440.20), contending that the sentence imposed was illegal because the court had failed to pronounce the mandatory term of PRS (*see People v Sparber*, 10 NY3d 457 [2008]; *Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]). At a hearing, defendant related that the present drug offense was committed some six months after his release following completion of his four-year sentence on the 2001 crime. The court declared defendant delinquent and remanded him on the basis of the five-year period of PRS imposed by DOCS.

In response to the motion, the People consented to have defendant's original sentence reimposed without PRS (Penal Law § 70.85 ["Transitional exception to determinate sentencing laws"]). The court then resentenced defendant to the originally imposed determinate term of four years without any term of PRS (Correction Law § 601-d; Penal Law § 70.85), stating that such sentence was nunc pro tunc to the original sentence date of July 19, 2001.

On the motion at bar, defendant sought to be resentenced on the instant drug offense as a first felony offender, arguing that his 2001 attempted robbery conviction no longer qualified as a predicate felony because the original sentence imposed was illegal, requiring that he be resentenced in 2008, after the present offense had been committed. The People opposed, noting that defendant had been resentenced nunc pro tunc pursuant to Penal Law § 70.85. Therefore, they contended, the 2001 conviction retained its original date and properly served as a predicate felony on the instant conviction.

Supreme Court agreed. Construing the defect as "an easily correctable procedural error," as recognized by the Court of Appeals in *Sparber* (10 NY3d at 472), the court held that the imposition of the original four-year determinate sentence on July 19, 2001 had been lawful and proper. The court thus

concluded that it remained a viable predicate for sentence enhancement in connection with the instant drug offense.

A Justice of this Court granted leave to appeal. We now reverse.

Where resentencing occurs after the present offense, we have held that the prior crime does "not qualify as a predicate conviction for purposes of sentencing as a persistent violent felony offender," since "multiple offender status is defined by the plain statutory language, which courts are not free to disregard" (*People v Wright*, 270 AD2d 213, 215 [2000], *lv denied* 95 NY2d 859 [2000]). Adjudication as a second felony drug offender requires a predicate conviction of a felony, as provided in Penal Law § 70.06 (Penal Law § 70.70 [1] [b]), which "uses the imposition of sentence, not the date of conviction, as the criterion of predicate status" (*Matter of Murray v Goord*, 298 AD2d 94, 99 [2002], *affd* 1 NY3d 29 [2003]). Under the statute, the predicate sentence "must have been imposed before commission of the present felony" (Penal Law § 70.06 [1] [b] [ii]).

The People contend that the failure to pronounce a period of PRS is not substantive but constitutes only a procedural error, citing *Sparber* (10 NY3d at 472). This view, adopted by Supreme Court, is inconsistent with the Court of Appeals' holding that where a defendant's right to hear sentence pronounced against him is violated, the only available remedy is to vacate the sentence and remand the matter for resentencing (*id.* at 471; *see also People v Stroman*, 36 NY2d 939 [1975]). Such an omission "has a 'substantial' effect on [a defendant] and 'implicate[s] the public interest' in ensuring the regularity of sentencing" (*Garner*, 10 NY3d at 363, quoting *Matter of Pirro v Angiolillo*, 89 NY2d 351, 359 [1996]).

The People ignore these considerations, seeking to confine the effect of vacating the sentence imposed on the predicate robbery conviction to that part of the sentence dealing with PRS. They attempt to distinguish the vacating of a sentence under Penal Law § 70.85 from cases where the underlying judgment of conviction was reversed (*e.g. People v Bell*, 73 NY2d 153 [1989]), or where the predicate sentence was found to be illegal (*e.g. People v Boyer*, 19 AD3d 804 [2005], *lv denied* 5 NY3d 804 [2005]; *People v Robles*, 251 AD2d 20 [1998], *lv denied* 92 NY2d 904 [1998]), contending that pursuant to statute, "resentencing" here left defendant's original conviction and prison sentence intact.

By definition, vacating a sentence has the legal effect of annulling it, i.e., rendering it void. Moreover, in arguing that there

was no illegality in the "prison portion" of the sentence on defendant's prior conviction, the People overlook the express language of the provision under which defendant was resentenced. Penal Law § 70.85 provides that where, as here, a case is before the court "for consideration of whether to resentence, the court may, notwithstanding any other provision of law but only on consent of the district attorney, re-impose the originally imposed determinate sentence of imprisonment without any term of post-release supervision, which then shall be deemed a lawful sentence." If, as the People contend, the prison portion of the sentence remained valid, there would be no need for the Legislature to declare lawful the *reimposition* of the selfsame term of imprisonment.*

The distinction the People overlook is that Penal Law § 70.85 obviates the need to vacate a defendant's guilty plea, because it was "a statutory exception to the mandatory imposition of PRS, which was directly aimed at saving guilty pleas" (*People v Boyd*, 12 NY3d 390, 393 [2009]). It does not obviate the need to vacate the original sentence and remit the matter for resentencing. Hence, the statute permits the court to "re-impose the originally imposed determinate sentence of imprisonment." Nothing in the statute detracts from the force of the Court of Appeals' pronouncement that the "sole remedy for a procedural error such as this is to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement" (*Sparber*, 10 NY3d at 471).

In supplemental submissions, the parties contest the effect of *People v Williams* (14 NY3d 198 [2010]), which was decided after this appeal was heard. *Williams* holds that imposing a period of postrelease supervision after a defendant has served his or her term of imprisonment and after his or her direct appeal has been completed offends the constitutional protection against double jeopardy. The People contend that the resentencing proceedings are a nullity, arguing that the court lacked jurisdiction to resentence defendant in connection with the predicate attempted robbery conviction because, under *Williams*, the court's power to resentence a defendant ends with his or her

---

* The People also suggest that our ruling will render defendant's second-degree attempted robbery conviction a predicate felony for 10 years following the resentencing date (Penal Law § 70.06 [1] [b] [iv], [v]; *Bell*, 73 NY2d at 165). It has been observed that the remedy for any harsh result produced by the statute lies with the Legislature (*see People v Dozier*, 78 NY2d 242, 254 [1991, Wachtler, Ch. J., dissenting]). In any event, the issue is not before us, and we do not address it.

release from custody by DOCS. Defendant argues that no period of PRS was included in the sentence imposed upon resentencing; accordingly, due process considerations are not implicated, and *Williams* is inapposite.

*Williams* bars an *upward* modification of a sentence after a defendant has been released from incarceration. Here, the modified sentence imposes no additional punishment on defendant. Therefore, it does not violate the due process rights under consideration in *Williams*. Rather, it is a valid sentence and determines the date of the offense for the purpose of second felony offender adjudication. Moreover, the People did not raise any objection at defendant's resentencing but, to the contrary, gave their consent.

Although defendant's 2001 attempted robbery conviction no longer qualifies as a predicate felony, the appropriate remedy is to remand for resentencing to afford the People the opportunity to establish whether his 1993 Massachusetts conviction still qualifies as a predicate felony when the time he has spent incarcerated is excluded from the 10-year limitation pursuant to Penal Law § 70.06 (1) (b) (iv) and (v) (*see People v Johnson*, 57 AD3d 323 [2008]; *People v Rodriguez*, 302 AD2d 317 [2003], *lv denied* 99 NY2d 657 [2003]).

Accordingly, the order of Supreme Court, New York County (Renee A. White, J.), entered on or about February 26, 2009, which denied defendant's motion, pursuant to CPL 440.20, to set aside his sentence on a judgment rendered November 14, 2006, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony drug offender previously convicted of a violent felony, to concurrent terms of six years, to be followed by a three-year term of PRS, should be reversed, on the law, and the matter remanded for sentencing, including further proceedings with respect to defendant's predicate felony status.

NARDELLI, J. (dissenting). Since 2001, defendant has, at all times, been a convicted felon. His 2001 conviction has never been vacated. CPL 440.20, pursuant to which defendant moved for resentencing, concerns only sentence. The caption of the section reads, "Motion to set aside *sentence*; by defendant" (emphasis added). The first paragraph of Professor Preiser's Practice Commentaries immediately following the section recites, "This motion deals solely with the sentence and has no

affect [*sic*] upon the underlying conviction." (McKinney's Cons Laws of NY, Book 11A.) The difference between a sentence and a conviction is significant, and is determinative of this appeal.

On July 19, 2001 defendant was convicted in New York, upon his plea of guilty, of attempted robbery in the second degree, and adjudicated a second felony offender.* He received a sentence of four years, but the court, through oversight, did not pronounce the five-year term of postrelease supervision mandated by Penal Law § 70.45 as then in effect. The crime of attempted robbery in the second degree constitutes a violent felony as defined under Penal Law § 70.02 (1) (c). That conviction has, as noted above, never been vacated, and therefore, defendant has at all times since July 19, 2001 been a convicted violent felon.

In 2008, defendant moved, pursuant to CPL 440.20, for resentencing only, on his 2001 conviction, because of the court's failure to pronounce the mandatory term of postrelease supervision. On December 19, 2008, pursuant to Penal Law § 70.85, he was resentenced to the same determinate term of four years without postrelease supervision. The sentence was made nunc pro tunc to the original sentence date of July 19, 2001. Therefore, the only difference between the terms of defendant's 2001 sentencing and his 2008 resentencing was that in the former the court neglected to pronounce postrelease supervision, while in the latter it intentionally decided not to impose postrelease supervision, with the People's consent. The conviction itself was not disturbed. As is now evident from the recent decision in *People v Williams* (14 NY3d 198 [2010]), the resentencing was not only a technicality, it was a nullity.

On January 7, 2006, obviously after his sentencing, but prior to his resentencing on the attempted robbery conviction, defendant was arrested during a "buy and bust" drug operation. On November 14, 2006, after a jury trial, he was convicted of criminal possession and criminal sale of a controlled substance in the third degree, and sentenced as a second felony drug offender (Penal Law § 70.06) whose prior conviction was a violent felony (Penal Law § 70.02 [1] [c]; *see also People v Acevedo*, 62 AD3d 464 [2009]; CPL 400.21). The basis for his predicate vio-

---

* On February 2, 1993, defendant had been convicted in Massachusetts of distribution of a controlled substance. There is no dispute that the crime for which defendant was convicted constitutes a felony in New York for purposes of New York's predicate felony sentencing scheme. That conviction has never been vacated or modified.

lent felony status was the 2001 conviction for attempted robbery.

On or about January 5, 2009 defendant moved to vacate his predicate felony sentence on the 2006 drug conviction because he had been resentenced in 2008 on the 2001 attempted robbery conviction, albeit to exactly the same terms he had received in 2001, and despite the fact that his conviction itself, and thus his violent felon status, had remained unchanged since 2001. The trial court rejected the application with the observation, correct in my belief, that the failure to impose postrelease supervision in 2001 was not a substantive illegality, but simply "an easily correctable procedural error" that "did not render that sentence unlawful so as to negate its validity as a prior felony conviction as of that date."

The majority upsets that determination with the observation that "where a defendant's right to hear sentence pronounced against him is violated, the only available remedy is to vacate the sentence and remand the matter for resentencing."

While I agree that a defendant has the right to actually hear from the court the sentence that is to be imposed upon him or her, rather than to first read about it in a commitment sheet prepared by a clerk (*see People v Sparber*, 10 NY3d 457 [2008]), I am at a loss to understand why the court's oversight on a ministerial detail precludes a finding that he is a predicate felon after he committed another felony. It is particularly perplexing in this case since defendant received the same sentence in both 2001 and 2008 (*cf. People v Wright*, 270 AD2d 213 [2000], *lv denied* 95 NY2d 859 [2000] [defendant was illegally sentenced originally, and then resentenced to a legal sentence, and the determinative date for purpose of future adjudications was the resentencing date]). The failure to impose postrelease supervision in 2001 was concededly "procedurally flawed" (*Sparber*, 10 NY3d at 472 n 8). It was corrected, however, and the result should not be "a windfall that greatly exceeds any harm" that defendant has purportedly suffered (*id*. at 469). Indeed, as noted above, it is now a nullity.

"The second felony offender statute of necessity addresses past events—previous criminal acts. The statute's goal is to deter recidivism by enhancing the punishments of those who, having been convicted of felonies, violate the norms of civil society and commit felonies again" (*People v Walker*, 81 NY2d 661, 665 [1993]).

A second violent felony offender is a person who stands convicted of a violent felony as prescribed by New York law, was

sentenced before commission of a second crime, and received his or her sentence within 10 years before the commission of the second felony (*see generally* Penal Law § 70.04). A second felony drug offender previously convicted of a violent felony is one whose conduct satisfies these requirements, and, additionally, has committed a crime denominated a drug felony (*see generally* Penal Law § 70.70). Defendant's antisocial but voluntary behavior has earned him the privilege of being sentenced as a second felony drug offender with a prior violent felony conviction, since he has met all the conditions.

In 2006, when defendant committed the acts which resulted in his convictions on drug-related charges, he was fully aware that he had a prior felony conviction in 2001. That conviction had never been vacated. He is not entitled to the windfall of abrogating his status as a second felon because of a procedural irregularity, qua nullity. And the people of New York have the right to know that he does not escape the appropriate sanctions because of legalistic legerdemain.

The conviction should be affirmed.

RENWICK, FREEDMAN and ROMÁN, JJ., concur with TOM, J.P.; NARDELLI, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered on or about February 26, 2009, reversed, on the law, and the matter remanded for sentencing, including further proceedings with respect to defendant's predicate felony status.