*936 OPINION OF THE COURT
Steven M. Jaeger, J.
Defendant/petitioner moves this court, by his attorney Steven Bandel, for an order and judgment vacating his period of post-release supervision and, as a consequence, releasing petitioner from his detention for an alleged violation of his postrelease supervision.
The People oppose the petition by affirmation of Assistant Attorney General Toni Logue. Petitioner’s attorney submitted a reply.
On May 11, 2006, petitioner pleaded guilty to criminal possession of a weapon in the third degree, a class D felony. On June 15, 2006, the court (Brown, J.) sentenced petitioner to a determinate sentence of three years’ imprisonment and five years of postrelease supervision (hereinafter PRS).
On July 13, 2006, the Department of Correctional Services informed the sentencing court that the petitioner had to be resentenced because he was improperly sentenced to a PRS term of five years. At the time, the law required a term of PRS of between IV2 to 3 years on a D felony. (Penal Law § 70.45 [2] [e].) On July 31, 2006, the court (Brown, J.) resentenced petitioner to three years’ imprisonment and three years’ PRS, nunc pro tunc, but petitioner was not present for the resentencing. After serving his term of imprisonment, petitioner was released on PRS. On September 1, 2009, petitioner was arrested for possession of marijuana. The Division of Parole subsequently charged petitioner with a violation of his PRS on September 9, 2009.
In November 2009, petitioner filed a petition for a writ of habeas corpus seeking immediate release on the PRS violation. Petitioner argued that he had never been properly sentenced to a term of PRS because his initial sentence exceeded the maximum term of PRS permitted pursuant to Penal Law § 70.45. He further argued that his initial resentencing was also improper because he was not present pursuant to CPL 380.40. As a result, he requested that his PRS violation be vacated and he be properly resentenced pursuant to CPL 380.20 and 380.40. On November 19, 2009, this court (Jaeger, J.) granted petitioner’s writ of habeas corpus to the extent that it resentenced petitioner to three years’ PRS nunc pro tunc to December 14, 2008, but denied the discharge of the PRS violation.
Petitioner now contends that the resentencing by this court in November 2009 violated the Double Jeopardy Clause of the *937 Fifth Amendment of the US Constitution because there existed a legitimate expectation of finality upon being released from his determinate sentence of imprisonment. He bases his claim on the recent Court of Appeals decision in People v Williams (14 NY3d 198 [2010]).
Respondent opposes the petition stating that People v Williams (14 NY3d 198 [2010]) does not apply. Respondent also argues that the petition was improperly brought before this court because (1) petitioner has failed to exhaust his administrative remedies in regard to the violation of his PRS, and (2) there is an appeal pending on the ruling of this court on the previous writ.
The court agrees with the respondent. People v Williams (14 NY3d 198 [2010]) is distinguishable from the case at bar. The court finds that petitioner had no legitimate expectation of finality on the sentence after the petitioner was released from his determinate term of imprisonment. Therefore, the court denies the petition in its entirety.
Law
In 1998, the New York Legislature and Governor enacted “Jenna’s Law.” The statute was drafted to give “communities . . . protection from further victimization” from those who have served out a determinate term of imprisonment by adding on postrelease supervision. (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 70.45, at 317 [2009 ed].) Unlike parole, which is a discretionary release on an indeterminate sentence that may last for the length of time remaining on that sentence, postrelease supervision is added on to a determinate prison sentence and allows the Division of Parole to continually monitor those who have been released. (Id.)
PRS is mandatory for all violent felonies and may last, depending on the type of felony, for up to 20 years. (Penal Law § 70.45 [2], [2-a].) Those on PRS may also be subject to “curfew[s], restrictions on travel, and substance abuse testing and treatment” because those on PRS are subject to the same restrictions as those on parole. (People v Catu, 4 NY3d 242, 245 [2005].) Due to the significance of PRS, it was determined by the Court of Appeals that a trial court must make a defendant aware of PRS as part of the sentence when accepting a plea of guilty. (Id.)
Some judges failed to include PRS in their sentencing in the belief that such supervision arose as a matter of law. In such *938 cases, the Department of Correctional Services calculated the period of PRS based on the Penal Law. (Bonacquist, 2008 Practice Commentaries, McKinney’s Cons Laws of NY, Book 10B, Correction Law § 601-d, 2010 Pocket Part, at 61.) Thereafter, the Court of Appeals held that only the sentencing court is able to impose a term of PRS. (People v Sparber, 10 NY3d 457, 472 [2008].) The court also held that when a trial court failed to impose PRS initially, it was “akin to a misstatement or procedural error” and allowed for the original sentence to be vacated and for resentencing that included the proper term of PRS. (Id.)
However, People v Sparber (10 NY3d 457 [2008]) did not address the status of those who were improperly sentenced and had subsequently been released. Recently, the Court of Appeals addressed this issue in People v Williams (14 NY3d 198 [2010]). There, five defendants received sentences that required a term of PRS. No formal pronouncements of PRS were made at sentence and none were resentenced prior to being released from prison. The issue before the Court of Appeals was whether serving out a term of imprisonment without a formal pronouncement of PRS bars resentencing. The Court of Appeals held that there existed a “temporal limitation” at the time of release that created an expectation of finality on the original sentence. The court further held that when a court had not formally pronounced a sentence of PRS, any resentencing after the time of release would violate double jeopardy. (Williams at 217-218.)
The issue in the instant case is quite different from that found in People v Williams (14 NY3d 198 [2010]). Here, the original sentencing court made a formal pronouncement of PRS, albeit a term that was improper. The error was not corrected until after petitioner was released from his determinate sentence.
The Court of Appeals held in People v Williams (14 NY3d 198 [2010]) that resentencing that adds a term of PRS after being released from a determinate sentence of imprisonment constituted multiple punishments for the same offense violating a defendant’s right against double jeopardy. The court found that there existed a “temporal limitation” when being released from the term of imprisonment that created a “legitimate expectation of finality” of the sentence. (Williams at 217.) The court in Williams stated:
“Even where a defendant’s sentence is illegal, there is a legitimate expectation of finality once the initial sentence has been served and the direct appeal has *939 been completed (or the time to appeal has expired). In these situations, the sentences are beyond the court’s authority and an additional term of PRS may not be imposed.” (Williams at 217.)
Here, petitioner was sentenced improperly to a term of five years’ PRS (Brown, J.), where a term of IV2 to 3 years was proper. (Penal Law § 70.45 [2] [e].) The court was advised of the error and moved on its own motion to resentence petitioner, but petitioner was not present for the resentencing. Petitioner then moved to be resentenced again when he came before this court on November 19, 2009 (Jaeger, J.)[1] At that time, petitioner had completed his determinate term of imprisonment. The time for appeal by the People had also expired.[2] (CPL 440.40.)
Despite petitioner’s motion being granted, he once again seeks relief, based on the subsequent decision in People v Williams (14 NY3d 198 [2010]). Petitioner seeks to vacate his term of PRS and release from detention based on a violation of his term of PRS. In Williams, the defendants were never sentenced to terms of PRS. In the instant case, the original sentencing, although erroneous in its PRS term, imposed a term of PRS upon petitioner in person. (Penal Law § 70.45 [2] [e].)
A defendant is not to be afforded an expectation of finality when there is any part of the original sentence hanging over his head. (See e.g. People v Williams, 14 NY3d 198, 217 [2010] [“(T)here is a legitimate expectation of finality once the initial sentence has been served and the direct appeal has been completed” (emphasis added)].) But, Williams, by its terms, applies only where a court has not formally pronounced a term of PRS. (Williams at 217.)
Petitioner, after his release from prison, still had to serve a court-imposed term of PRS. It is clear in the case at bar that Judge Brown’s express intent was to sentence petitioner to a term of PRS. The court has a right to correct its sentencing to conform properly to the statute. (See People v Minaya, 54 NY2d 360 [1981].) In any event, the temporal limitation on the court’s ability to resentence a defendant does not arise as in Williams (14 NY3d at 217).
People v Williams (14 NY3d 198 [2010]) bars an upward modification of a sentence after a defendant has been released *940 from his determinate sentence. Here, this court resentenced petitioner to a reduced term of PRS, which imposed no additional punishment. Therefore, the resentencing did not violate petitioner’s double jeopardy or due process rights. (See People v Acevedo, 75 AD3d 255 [1st Dept 2010].)
Conclusion
The court finds that People v Williams (14 NY3d 198 [2010]) does not apply to the instant case. Accordingly, the petition is denied in its entirety.

. At the time of resentencing by this court in November 2009, Williams had not yet been decided.

. While “a court’s authority to correct its own errors at resentencing is not subject to the one-year time limit,” the People are still held to such a limitation. (People v Sparber, 10 NY3d 457, 471 n 6 [2008].)