■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON P. FLEMING, Appellant. [913 NYS2d 422]—

Kavanagh, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 1, 2009, which resentenced defendant following his conviction of the crime of attempted burglary in the second degree.

In 2000, defendant pleaded guilty to attempted burglary in the second degree and was sentenced, as a second violent felony offender, to a prison term of five years. County Court also sentenced defendant to a period of postrelease supervision, but imposed a term of three years rather than the required five years (*see* Penal Law § 70.45 [2]).* Defendant has served the prison component of his sentence, but the term of postrelease supervision remains unfulfilled due to his incarceration on a new criminal conviction and related parole violations (*see* Penal Law § 70.45 [5]). In 2009, after defendant declined an opportunity to withdraw his guilty plea, County Court resentenced him to postrelease supervision of five years in addition to the prison term already served. Defendant appeals and we affirm.

---

* County Court previously attempted to correct this defect by way of an amended sentence and commitment order. The new term of postrelease supervision was not pronounced in defendant's presence, however, and the amended order was ineffective (*see People v Sparber*, 10 NY3d 457, 470-471 [2008]).

We are unpersuaded by defendant's argument that the resentence violated the constitutional prohibition against double jeopardy. The Double Jeopardy Clause prohibits the imposition of a term of postrelease supervision if it "was not formally pronounced by the sentencing court pursuant to CPL 380.20, . . . [and] defendant has served the determinate term of imprisonment and has been released from confinement" (*People v Williams*, 14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]; *see* US Const 5th Amend). In this case, however, County Court did impose postrelease supervision, albeit for an improper duration, and that term constituted part of defendant's sentence (*see* Penal Law § 70.00 [6]; § 70.45 [1]; *People v Sparber*, 10 NY3d 457, 468-469 [2008]). Defendant accordingly has not completed his initial sentence and, as he has no "legitimate expectation of finality [until that] sentence has been served," the Double Jeopardy Clause did not bar County Court from resentencing him to correct the term of postrelease supervision originally imposed (*People v Williams*, 14 NY3d at 217; *see United States v Rico*, 902 F2d 1065, 1068 [2d Cir 1990], *cert denied sub nom. Baron v United States*, 498 US 943 [1990]; *People v Osbourne*, 28 Misc 3d 935, 939 [2010]; *cf. People v Grant*, 75 AD3d 558, 559 [2010]).

Finally, County Court retained authority to correct its sentencing error notwithstanding the passage of time from the original sentencing proceedings (*see People v Williams*, 14 NY3d at 212-213; *People v Sparber*, 10 NY3d at 471 n 6).

Peters, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.