JjPICKETT, Judge.
This is an appeal from the Louisiana State Civil Service Commission’s (“Commission”) summary dismissal of claims lodged by Janet London alleging race and sex discrimination. We affirm for the following reasons.
BACKGROUND
Janet London (“London”) is employed by the Division of Administration, Office of Risk Management as a State Risk Claims *124 Adjuster 2. Appellant requested an upgrade from her State Risk Claims Adjuster 2 position (“SRCA 2”) to State Risk Claims Adjuster 8 (“SRCA 3”). The Director of the Department of State Civil Service denied the application. Ms. London appealed and a panel of Civil Service Division Administrators affirmed the decision not to upgrade the position.
London then filed an appeal on May 6, 1998. The Louisiana State Civil Service Commission referee issued a notice to London on September 3, 1998 requesting she file an amended appeal because her initial appeal failed to allege discrimination as required under Department of State Civil Service (“DSCS”) Rules 5.3(b) and 13.10(d). London filed an Amended Request for Appeal.
In her amended appeal, London argued Appellees “discriminate[d] on the basis of race and gender” and “created the Subro-gation Unit for the purpose of discriminating against a group of people.” Appellant alleges that Office of Risk Management (“ORM”) has repeatedly furnished false information about [her] job description/duties to DSCS and “has randomly raised and/or lowered job requirements in order to promote others;” that DSCS “has repeatedly denied [her] a position reallocation based on information received” from the Department of Administration (“DOA”) and ORM; that in 1992, a white male’s position was ^reallocated from SRCA 2 to SRCA 3 in the Subrogation Unit without an investigation or a desk audit but that in 1993, following a desk audit which established that appellant — a black female — performed the same duties, her position was not reallocated to SRCA 3, rather the white male’s position was reallocated downward to SRCA 2; that the white male retains the salary which he was paid as SRCA 3 because of Rule 6.15; and that the Subrogation Unit is the only unit in ORM that has no SRCA 3 positions and from which SRCA 2’s are not permitted to promote.
On November 25, 1998, the Civil Service Commission referee issued a decision summarily dismissing the appeal. London then requested the Civil Service Commission review the referee’s decision which was denied.
ASSIGNMENT OF ERROR
The referee and the Louisiana Civil Service Commission erred in summarily dismissing London’s appeal.
OPINION
Appellant claims the Civil Service referee erred in summarily dismissing her allegations of discrimination and argues that any classified employee who alleges that she has been discriminated against in one of the four ways enumerated in Article X, Section 8(B) of the Louisiana Constitution has a right to an administrative appeal to the Commission. Section 8(B) clearly prohibits four categories of discrimination: those based on political or religious beliefs, sex, or race. The Commission’s appellate jurisdiction is limited only to those cases brought by classified employees asserting that they were “so discriminated against.” Louisiana, Dept. of Agriculture and Forestry v. Sumrall, 98-1587, p. 5 (La.3/2/99); 728 So.2d 1254, 1259. Ms. London alleges her appeal presents that she was discriminated against based on race and, | ¡¡therefore, dismissal was improper.
Section 8(B) provides:
Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission pursuant to Section 12 of this part. The' *125 burden of proof on appeal, as to the facts, shall be on the employee.
La. Const, art. 10, § 8(B)
In Summit, the Supreme Court further stated that the application of [ LSA-Const. art. X, § 8 (“Section 8”) ] as written does not lead to absurd consequences and that “[t]he provision serves as a limit upon the Commission’s quasi-judicial power to hear discrimination claims[.]” Id. Thus, limiting the administrative authority only over the four types of discrimination enumerated and vesting no authority over any complaint of discrimination that does not fall within the purview of those four types i.e. age.
Section 8(B) refers to Section 12 which grants the Commission the exclusive power and authority to hear and decide the appeals in all removal and disciplinary cases. LSA-Const. Art. X, § 12(A). In the present case, the appellant has not been disciplined or removed but only denied a reallocation, i.e. promotion. Therefore, since Section 12 is not invoked, Appellant’s claim is not under the umbrella of Section 8. Further application of Summit to the referee’s ruling is preempted, and Appellant’s argument fails.[1]
The referee summarily dismissed the appeal relying on DSCS Rules 5.3 and |413.10(d). Rule 13.10(d) Appeals to the Commission states:
An appeal may be made to this commission by
[[Image here]]
(d) Any person in the Classified Service who shall have failed to obtain relief from an allocation or reallocation of a position to a class or by the Classification Plan or any change thereof after a written request for review thereof by the Director or his representative as provided in Rule 5.3 and who alleges that the Director’s decision has been discriminatory.
The referee held:
Appellants allegations of discrimination are not directed to the Director but rather to her appointing authority. She alleges that the appointing authority has furnished false information to the DSCS which resulted in the denial of the reallocation and that the appointing authority has organized the Subrogation Section in a manner to subvert attempts by SRCA’s in that section to gain promotion. While these allegations might subject the management of ORM to investigation under the provisions of Chapter 16 of the Rules, they do not establish appellant’s right to appeal the decision of the Director to the Commission.
We find no error in the referee’s assessment and affirm the summary dismissal. The issue of prescription is thereby moot.. We hereby affirm the Commission’s summary dismissal of Appellant’s appeal and assess all costs to the Appellant.
AFFIRMED.

. See Smith v. Lorch, 98-0319 (La.App. 1 Cir. 4/1/99), 730 So.2d 530. The First Circuit held that the Commission does not have exclusive jurisdiction over all discrimination claims of classified civil service employer-employee disputes that are employment related. The court held the Plaintiff properly sought relief for her racial discrimination in district court although it arose from an employment related dispute. Ms. Wyble, counsel for appellant in the present case, was counsel for the Plaintiff, Bobbie J. Smith.