982 So.2d 743 (2008)
Gregory JEFFERSON, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 2D07-1272.
District Court of Appeal of Florida, Second District.
April 30, 2008.
Rehearing Denied June 5, 2008.
Gregory Jefferson, pro se.
Connie Lynn Beach, Assistant General Counsel, Tallahassee, for Respondent.
PER CURIAM.
Gregory Tyrone Jefferson, pro se, petitions for a writ of certiorari. The trial court denied his petition for writ of habeas corpus in which he challenged the revocation *744 of his conditional release supervision by the Florida Parole Commission (FPC). We limit our review to a determination of whether the trial court afforded due process and observed the essential requirements of law. Sheley v. Fla. Parole Comm'n, 703 So.2d 1202, 1206 (Fla. 1st DCA 1997). Because the trial courts order departed from the essential requirements of law, we grant the writ and quash the order denying Jeffersons habeas petition.
In 1992, Jefferson pleaded no contest to second-degree murder. The trial court sentenced him to fifteen years in prison. The sentencing order provided that Jeffersons state sentence would be concurrent . . . and coterminous with Federal Case 91-693-CR-Kehoe (emphasis added). Upon sentencing, Jefferson commenced serving the remainder of his state sentence while in federal custody.
On June 8, 1999, the FPC sent a letter to the federal penitentiary in Marion, Illinois, stating that Jefferson had been released by the Florida Department of Corrections (DOC) as of March 3, 1999 (due to accumulated gain time), but would remain under state supervision until March 16, 2006. Jefferson never received the letter and was never informed that he would be placed on state conditional release supervision after his release from the federal penitentiary.
On October 8, 2004, Jefferson was released from federal prison and placed on federal probation. He received no instructions requiring him to report to a state conditional release supervisor (CRS). In December 2005, a newly assigned CRS noticed the error. She telephoned Jefferson on January 3, 2006, and informed him that she was his CRS. Jefferson responded, who in the f---- are you, after which the CRS hung up. She then called Jeffersons federal probation officer, who informed her that Jefferson was scheduled to enter a residential treatment program. On January 6, 2006, at 11:05 a.m., upon learning that Jefferson had been asked to leave the treatment program,[1] the CRS called and instructed him to report to her office by 1:00 p.m. that same day. Jefferson said he would be there as soon as he could get a ride. He arrived on January 12, 2006. He signed the notification of the terms and conditions of his conditional release on that date.
The CRS filed a notice of violation of conditional release based on Jeffersons failure to appear on January 6, 2006, as instructed. Jefferson requested counsel for a scheduled FPC hearing. The request was denied. After the hearing, the FPC revoked Jeffersons conditional release. The trial court denied Jeffersons habeas petition.
In his petition, Jefferson argued that because his state sentence was concurrent and coterminous with his federal sentence, his state sentence ended when he was released from federal prison. Thus, he claims, he could not have been on state conditional release supervision at the time of his alleged violation on January 6, 2006. We agree. Because we grant Jeffersons certiorari petition on this basis, we decline to address the other issues he raised.
A coterminous sentence is a sentence that runs concurrently with another and terminates simultaneously. Pearson v. Moore, 767 So.2d 1235, 1237 n. 2 (Fla. 1st DCA 2000). Here, the trial court made Jeffersons fifteen-year state sentence coterminous with a federal sentence. However, *745 the federal sentence was not a comparable fifteen-year sentence; rather, it was a sentence of fifteen years imprisonment followed by five years probation. Thus the sentence appears to make a fifteen-year state sentence coterminous with a twenty-year federal sentence. At first blush, the apparent result in this case is inconsistent with logic and the purpose behind coterminous sentences. See Moore v. Pearson, 789 So.2d 316, 319 (Fla.2001) ("[A] coterminous sentence is a sentencing decision in which a court exercises its discretion to mitigate a defendant's sentence."). Nevertheless, we do not attach error to the trial courts sentence. Instead, we conclude that the sentence necessarily reflects the trial courts intention that Jeffersons fifteen-year state sentence should end when the fifteen-year incarcerative portion of his federal sentence ended. As a result, Jefferson's state sentence ended when he was released from federal prison on October 8, 2004, and he was not subject to state conditional release supervision thereafter.
The FPC correctly points out that the conditional release supervision program requires releasees to remain under supervision after release from prison for a period of time equal to the amount of gain time awarded. See Duncan v. Moore, 754 So.2d 708, 710 (Fla.2000); Rivera v. Singletary, 707 So.2d 326, 327 (Fla.1998). Additionally, where a defendant is sentenced to concurrent prison terms, the State "may use [the] unexpired conditional release-eligible sentence to determine the length of the supervision and then toll the running of that supervision period until the inmate has been released from prison" on the longer sentence. See Evans v. Singletary, 737 So.2d 505, 508-09 (Fla.1999). This is what the FPC has attempted to do here. If the instant case involved only concurrent sentences, the FPC's point would be well taken. But, to agree with the FPC's argument that Jefferson must serve his accumulated gain time under conditional release supervision after his release from federal prison would require a conclusion that the trial court intended to structure a shorter sentence to be coterminous with a longer sentence. Such an incongruous result could not have been the trial court's intention.
Finally, we cannot agree with the FPC's argument that Jefferson must be placed on conditional release supervision solely because of the mandatory nature of the conditional release program. To do so would violate the separation of powers doctrine by allowing the FPC to ignore the sentence imposed by the trial court. See art. I, § 18, Fla. Const.; Pearson, 789 So.2d at 319.
Accordingly, Jefferson's petition for writ of certiorari is granted, the circuit court's order denying the petition for writ of habeas corpus is quashed, and the case is remanded with instructions for discharge.
Petition granted, order quashed, and cause remanded.
DAVIS and LaROSE, JJ., and ST. ARNOLD, JACK R., Associate Judge, Concur.
NOTES
[1] Jefferson violated his federal parole as well for reasons unrelated to this case. The U.S. Marshal's Service has a detainer on Jefferson pending his release from state custody.