PER CURIAM.
 

 Jesse Cottengim appeals from the denial of his request to be given a coterminous sentence following his plea to a series of charges.
 
 [1]
 
 The trial judge declined to consider his request, believing such a sentence was illegal.
 

 The operative statute is section 921.16(3), Florida Statutes (2005). Prior to October 1, 2003, trial courts had the authority to order a sentence be served coterminously as well as concurrently with a sentence in another jurisdiction.
 
 [2]
 
 That statute was amended as follows: “(3) A county or circuit court of this state may not direct that the sentence imposed by such court be served coterminously with a sentence imposed by another court of. this state or imposed by a court of another state.”
 
 Id.
 
 The Legislature did not prohibit coterminous sentences imposed by a sentencing judge on his or her own cases. This is what Cottengim requested, although somewhat inarticulately. Had the Legislature intended to prohibit coterminous sentences, it would have been simple enough to accomplish.
 
 [3]
 

 Sentencing is a decision that is within the trial court’s discretion. Howev
 
 *211
 
 er, the exercise of discretion presupposes the trial court understanding the legal options available and making a decision accordingly. Here, the trial court was under the mistaken view that it could not lawfully impose a coterminous sentence.
 

 Because coterminous sentences have been recognized as a legitimate sentencing option,
 
 see Moore v. Pearson,
 
 789 So.2d 316 (Fla.2001), a coterminous sentence would have been lawful. The statutory amendment did not affect
 
 Pearson
 
 in regard to courts imposing coterminous sentences on its own cases. Accordingly, we remand for the trial court to exercise its discretion in resentencing. We express no opinion as to the appropriateness of such a sentence in Cottengim’s cases.
 

 REMANDED.
 

 SAWAYA, LAWSON and COHEN, JJ., concur.
 

 [1]
 

 .The transcript of the plea and sentencing refers to "pro terminus;” however, it is clear from the context that the court and counsel were addressing a coterminous sentence. A coterminous sentence runs concurrently with another and terminates simultaneously.
 

 [2]
 

 .The Department of Corrections was required to notify the other jurisdiction, and the statute addressed the inmate’s participation in programs authorized by the other jurisdiction, parole or similar release, and issues relating to completion of the sentence.
 

 [3]
 

 .The primary effect of a coterminous sen
 
 *211
 
 tence in this case would relate to gain time. The difficulty inherent in coterminous sentences, addressed by the Legislature in the amendment, is readily apparent in the volume of rule 3.850 postconviction motions filed after imposition of coterminous sentences.