PALMER, J.
Donald Colvin (defendant) appeals the order entered by the trial court modifying his probation to include electronic monitoring. The State properly concedes error. Accordingly, we strike the trial court’s modification order.
In 2003, the defendant pled nolo conten-dere to three counts of lewd and lascivious conduct. The trial court sentenced the defendant to concurrent terms of nine years’ imprisonment, followed by three years of sex offender probation. In March 2010, the defendant completed his prison term and was released. Three months later, the defendant’s probation officer sent a letter to the trial court requesting that the court modify the terms of the defendant’s probation by imposing the requirement that the defendant be subject to electronic monitoring. The trial court entered an order amending the defendant’s probation to require him to participate in the electronic monitoring program.
The defendant maintains that the trial court lacked jurisdiction to modify the terms of his probation because his sentence was entered more than sixty days before the modification order was entered. The State concedes error.
Rule 3.800(c) of the Florida Rules of Criminal Procedure provides that a trial court possesses jurisdiction to modify a legal sentence; however, such modification must occur within sixty days of the imposition of sentence. The instant modification order, which was entered more than seven years after the defendant’s sentence was imposed, is thus invalid. See Siplen v. State, 969 So.2d 1171 (Fla. 5th DCA 2007)(holding that the trial court erred in modifying the defendant’s probationary sentence because the modification order was not entered within sixty days after sentencing).
Modification order STRICKEN.
MONACO, C.J. and JACOBUS, J., concur.