PER CURIAM.
Kenneth Whitfield appeals from the denial of his petition for writ of habeas corpus, in which he challenges his current detention on a February 20, 1998, 30-year habitual violent felony offender (“HVFO”) sentence, imposed on a robbery charge.[1] The trial court correctly denied the petition, and we affirm.
Whitfield seems to be confused by the fact that the trial court later imposed a 15-year sentence for a firearm charge in an unrelated case,[2] and ordered that sentence to be served “concurrent and coterminous[3]” with other charges from that case, as well as sentences imposed in other cases — including the 30-year HVFO sentence. Whitfield’s confusion is perhaps understandable, as the later 15-year sentence clearly should not have been imposed as coterminous with the longer 30-year sentence. See Moore v. Pearson, 789 So.2d 316, 319 (Fla.2001) (explaining that “a coterminous sentence is a sentencing decision in which a court exercises its discretion to mitigate a defendant’s sentence” by ordering it to end simultaneously with another shorter sentence); Jefferson v. Florida Parole Com’n, 982 So.2d 743, 745 (Fla. 2nd DCA 2008) (explaining that it would be “incongruous” to designate a shorter sentence as coterminous with a longer sentence). As recognized by the Jefferson court, it makes no sense to order a shorter sentence to run coterminous with a longer sentence because the shorter sentence will in fact end first irrespective of the designation — which means that' the two sentences will not end simultaneously.
Whitfield may also be suffering under the misimpression that by designating the 15-year sentence as coterminous with the earlier 30-year HVFO sentence, the trial court somehow modified and shortened the 30-year sentence. However, the trial court clearly did not purport or attempt to modify the HVFO sentence when sentencing in the later, unrelated case. Additionally, according to Whitfield’s habe-as petition, the coterminous 15-year sentence was imposed on December 11, 2000, well after the trial court would have lost jurisdiction to modify the 30-year HVFO sentence imposed in 1998. See, e.g., Colvin v. State, 63 So.3d 889 (Fla. 5th DCA 2011).
AFFIRMED.
. SAWAYA, LAWSON and COHEN, JJ., concur.

. This sentence was imposed in Manatee County Circuit Court Case No. 97-1766-CF.

. This sentence was imposed in Manatee County Circuit Court Case No. 97-2911-CF.

.A coterminous sentence is a sentence that runs concurrently with another sentence and is ordered to terminate simultaneously with the other sentence. See Madden v. State, 535 So.2d 636, 637 n. 1 (Fla. 5th DCA 1988).