BURKE, Judge.
Robert Carroll, Jr., appeals from the circuit court’s denial of his petition for a writ of habeas corpus.
On or about October 22, 2012, Carroll filed a petition for a writ of habeas corpus in St. Clair County, arguing that he was being illegally held by the Alabama Department of Corrections (“the DOC”) because his sentences had already expired. Specifically, Carroll stated that when he pleaded guilty in Calhoun Circuit Court to cases no. CC-09-358, no. CC-09-359, no. CC-09-362, no. CC-09-363, no. CC-09-365, and no. CC-09-366, he was ordered to serve concurrent 15-year sentences in each case. The sentences, however, were further ordered to run “coterminously” with his two prior concurrent sentences of four years’ imprisonment in cases no. CC- *377 08-227 and no. CC-08-228; he had already served those prior sentences under the alias of Robert Lamar English. Thus, he argues, because he had been released on December 23, 2009, from incarceration for his sentences in the two 2008 cases, and because his sentences in his six new 2009 convictions were to run “coterminously” with his completed 2008 cases, he argued that he should be released from the DOC’s custody.
On April 2, 2013, the State filed a motion for a summary judgment in St. Clair County. In its motion for a summary judgment, the State claimed that on April 6, 2012, the DOC contacted the sentencing judge in Carroll’s 2009 Calhoun County eases to inquire about the meaning of the sentence, and the sentencing judge indicated that it was not the intent of the sentencing court that Carroll be released. The State also stated that on April 10, 2012, the sentencing court issued an order amending Carroll’s sentences in the 2009 cases to remove the provision calling for them to be served “coterminously” with his sentences from the 2008 cases. Thus, the State contended that it was plain that the sentencing court did not contemplate Carroll’s release from incarceration at the completion of his sentences in the 2008 cases. Further, the State contended that the “coterminous” language in the first order was void. Consequently, the State argued, no grounds existed for granting Carroll habeas relief.
On May 15, 2013, the St. Clair Circuit Court issued an order granting the State’s summary-judgment motion.
On appeal, Carroll reiterates his claim that he is being illegally held by the DOC because the “coterminous” language in the original sentencing order in his 2009 cases indicates that he should have been released from DOC’s custody because he had already completely served his sentences in the 2008 cases when he was sentenced in his 2009 cases. Carroll further contends that the circuit court’s amended sentencing order dated April 10, 2012, was a nullity because the circuit court lacked jurisdiction to amend or to modify its original sentence because the court held jurisdiction for only 30 days after the sentence was pronounced, and that the circuit court lacked the legislative authority to amend the sentencing order.
A petition for a writ of habeas corpus is the proper method by which to test whether the DOC has correctly calculated the time an inmate must serve in prison. See Breach v. State, 687 So.2d 1257 (Ala.Crim.App.1996); Swicegood v. State, 646 So.2d 158 (Ala.Crim.App.1993). The dismissal of a petition for a writ of habeas corpus is reviewed under an abuse-of-discretion standard. Ward v. State, 929 So.2d 1048 (Ala.Crim.App.2005). This Court will assume that the DOC’s calculations are correct unless there is some proof to the contrary. Montgomery v. State, 967 So.2d 103, 104 (Ala.Crim.App.2007). A circuit court may summarily deny a petition for a writ of habeas corpus without holding an evidentiary hearing if the pleadings are sufficient to show that there is no merit to the petition. Ward v. State, 929 So.2d 1048, 1050 (Ala.Crim.App.2005).
A court derives its authority to sentence a defendant by, or within, certain specifications by statute or the Alabama Rules of Criminal Procedure. In Alabama, statutory law allows courts to enter sentences that are consecutive or concurrent. See § 14-3-38, Ala.Code 1975 (providing for concurrent and consecutive sentences and a prisoner’s discharge following the expiration of the sentences); Rule 26.12, Ala. R.Crim. P. (providing for consecutive and concurrent sentencing). There is no statute or rule in Alabama that *378 allows a court to sentence a defendant' “eoterminously.” Therefore, because the court did not have the statutory authority to sentence Carroll “eoterminously,” that sentencing order was illegal and is void. See Phillips v. State, 932 So.2d 165, 167 (Ala.Crim.App.2005)(remanded for the court to enter a new order because “while Rule 26.12, Ala.R.Crim.P., allows a trial judge the discretion to ‘“at any time, amend a sentence order to permit a sentence to run concurrently with another sentence,” ’ Rule 26.12 does not ‘authorize the trial court to amend a sentence order to change a concurrent sentence to a consecutive sentence’ ”). Compare Cottengim v. State, 44 So.3d 209, 210-11 (Fla.Dist.Ct.App.2010)(acknowledging section 921.16(3), Florida Statutes (2005), which addresses the unauthorized use of coterminous sentences under certain circumstances, and stating “ ‘[bjecause coterminous sentences have been recognized as a legitimate sentencing option, see Moore v. Pearson, 789 So.2d 316 (Fla.2001), a coterminous sentence would have been lawful.”).[1]
Carroll’s argument that he is being illegally confined is based on the language in the sentencing order mandating that the 2009 sentences run eoterminously with the 2008 sentences that had already expired. Because the part of Carroll’s sentencing order stating that his 2009 sentences were to run eoterminously with the prior sentences was unlawful, Carroll is not entitled to be released from confinement, and he is not entitled to habeas corpus relief. Thus, the St. Clair Circuit Court properly denied his petition for a writ of habeas corpus. See McConico v. State, 84 So.3d 159, 160 (Ala.Crim.App.2011) (“This Court may affirm a circuit court’s ruling on a postcon-viction petition if the ruling is correct for any reason. Lee v. State, 44 So.3d 1145, 1149 (Ala.Crim.App.2009).”).
As to Carroll’s argument on appeal concerning the Calhoun Circuit Court’s authority to amend its order, Carroll did not challenge his sentence in Calhoun County; there is no appeal from any postconviction petition filed in that county challenging the sentence. Therefore, this Court has no jurisdiction over the matter. We note that if a court imposes an unlawful sentence, the court retains jurisdiction to modify that sentence because “ ‘ “[ajn illegal sentence may be challenged at any time.” ’ ” Johnson v. State, 722 So.2d 799, 800 (Ala.Crim.App.1998).[2] Therefore, if Carroll were to challenge the legality of his sentence, it should be done by filing a Rule 32, Ala. R.Crim. P., petition for postconviction relief in Calhoun County, where the coterminous sentence was entered.[3]
Thus, because an Alabama court does not have the legal authority to sentence a defendant to “coterminous” sentences, the Calhoun Circuit Court’s order purporting to do so was a nullity. Therefore, the St. *379 Clair County’s decision denying Carroll’s petition for a writ of habeas corpus is due to be affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH and KELLUM, JJ., concur.
JOINER, J., concurs in the result.

. Even though by statute Florida allows coterminous sentences, in Whipple v. Department of Corrections, 892 So.2d 554 (Fla.Dist.Ct.App.2005), the Florida appellate court upheld the Department of Corrections’ decision to treat a sentencing order as a legal nullity because Whipple’s current sentence could not, "as a matter of law” run concurrently and cotermi-nously with Whipple's expired prior sentence.

. However, jurisdiction over a case cannot generally be in two courts at the same time. Ex parte Hargett, 772 So.2d 481, 483 (Ala.Crim.App.1999) ("The general rule is that jurisdiction of one case cannot be in two courts at the same time.”).

. We further note that in attempting to rectify the illegal sentence, the Calhoun Circuit Court amended the sentence but failed to pronounce the sentence in open court as required by Rule 26.9(a), Ala. R.Crim. P., and to do so in accordance with Rule 26.9(b), Ala. R.Crim. P.