**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FILED
United States Court of Appeals
Tenth Circuit

November 12, 2014

Elisabeth A. Shumaker
Clerk of Court

DAVID L. BROWN,

        Plaintiff -Appellant,

  v.

SARAH PARKER, Records Officer
for the Oklahoma Department of
Corrections; EMMA WATTS,
Warden for the Oklahoma
Department of Corrections; JIM
RABON, Sentence Administrator
for the Department of Corrections;
ROBERT PATTON, Director of the
Department of Corrections,

        Defendants-Appellees.

No. 14-7023

**Appeal from the United States District Court
For the Eastern District of Oklahoma
(D.C. No. 6:12-CV-00096-RAW)**

David L. Brown, pro se, Plaintiff-Appellant.

Wilson D. McGarry, Assistant Attorney General, Oklahoma Attorney
General's Office, Oklahoma City, Oklahoma, for Defendants-Appellees.

**Before KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

**BACHARACH**, Circuit Judge.

Mr. David L. Brown was imprisoned on two sentences. The first one was in Tulsa County and the second one was in Muskogee County. Both sentences were two years, and the second one (in Muskogee County) was to run concurrently with the first one. Mr. Brown thought the second sentence should have ended when the first one did. So, when Mr. Brown was eventually released from prison, he sued under 42 U.S.C. § 1983, alleging that authorities refused to release him after his Muskogee sentence had ended.

The district court granted summary judgment to the Defendants, concluding that Mr. Brown had not been held beyond the expiration of the Muskogee sentence. That conclusion was correct, and we affirm. The Muskogee sentence was to run concurrently (but not coterminously) with the Tulsa sentence. Thus, Mr. Brown was not incarcerated beyond the expiration of his Muskogee sentence.

I.      The Two Sentences and the Two Release Dates

In January 2011, Mr. Brown began serving a two-year sentence for a Tulsa County conviction. Over a month later, Mr. Brown began serving a two-year concurrent sentence imposed on a Muskogee County conviction.

Because the start dates were different for the two sentences, the Oklahoma Department of Corrections set different release dates.

After learning that he would not be released upon completion of the Tulsa sentence, Mr. Brown obtained three amended orders from the state judge who had imposed the Muskogee sentence. The first two orders are not at issue. But, the third order is. There the judge said that the "Defendant is to be released upon the completion of [the Tulsa sentence]." R. at 78.

Though Mr. Brown discharged his Tulsa sentence on September 27, 2011, he stayed in prison for almost three more months to serve the remainder of his Muskogee County sentence.

## II. The Suit

In Mr. Brown's view, the release was overdue. Thus, he sued prison officials, invoking 42 U.S.C. § 1983 and the Eighth Amendment. The district court granted summary judgment to the Defendants.

## III. Standard of Review

We engage in de novo review and draw all reasonable inferences in a light most favorable to the nonmoving party (Mr. Brown). *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). Doing so, we can uphold the summary judgment ruling only "if the pleadings, depositions,

3

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*

## IV.  Concurrent Sentences and the Proper Release Date

The overarching issue is whether Mr. Brown should have been released earlier.  That issue turns on the content of the Muskogee sentence: When the Muskogee judge said the sentence was concurrent with the earlier Tulsa sentence, did that mean that the two sentences would end on the same day?  Mr. Brown thinks so; and if he is right, he might have a viable constitutional claim.  *See Warnick v. Booher*, 144 P.3d 897, 900 (Okla. Crim. App. 2006).  But we disagree with Mr. Brown's interpretation of the Muskogee sentence:  It was to run concurrently with the Tulsa sentence, but the two sentences started at different times.  Thus, the two sentences would end at different times.

Mr. Brown relies on the Muskogee judge's third amended order, which said that the sentence had ended upon completion of the Tulsa sentence.  Mr. Brown's frustration is understandable:  If the judge was right, Mr. Brown remained in prison longer than he should have.  The problem is that there was no basis in Oklahoma law for the Muskogee

4

judge to make this statement. As a result, the statement lacked any legal effect.

By the time the Muskogee court imposed the sentence, Mr. Brown had already served over a month of his Tulsa sentence. That time could be credited to service of the Tulsa sentence, but not the Muskogee sentence. Thus, when the Muskogee judge ordered a two-year concurrent sentence, he effectively required Mr. Brown to stay in prison after completion of the Tulsa sentence.

Through the third amended order, the Muskogee judge tried to change the sentence from a concurrent sentence to a coterminous sentence. There is a difference. *See, e.g.*, *Daffin v. Florida*, 31 So. 3d 867, 870 (Fla. Dist. Ct. App. 2010) (discussing the difference between concurrent and coterminous sentences). A sentence is considered "concurrent" when it is to be served simultaneously with another sentence. *Black's Law Dictionary* 1569 (10th ed. 2014). But, that does not mean the sentences will end at the same time. When the sentences are to end at the same time, the second one is called "coterminous." *See Whitfield v. Florida*, 95 So. 3d 964, 965 n.3 (Fla. Dist. Ct. App. 2012) (per curiam) ("A coterminous sentence is a sentence that runs concurrently with another sentence and is ordered to terminate simultaneously with the other sentence.").

5

Some states authorize coterminous sentences at least in some circumstances. *See, e.g.*, *Cottengim v. Florida*, 44 So. 3d 209, 211 (Fla. App. 2010) (per curiam) ("[C]oterminous sentences have been recognized as a legitimate sentencing option."). But, Oklahoma does not. In Oklahoma, district courts can make a sentence concurrent or consecutive. Okla. Stat. tit. 22 § 976. But, Oklahoma law does not provide any authority for the imposition of a coterminous sentence. Because the Muskogee judge lacked authority to render a coterminous sentence, the third amended order was a nullity. *See Carroll v. Alabama Dep't of Corr.*, __ So. 3d __, 2014 WL 4957723, at *2 (Ala. Crim. App. 2014) (stating that a sentencing order was void because it purported to make the sentence coterminous and the state had no statute or rule that would allow issuance of a coterminous sentence).[1]

---

[1]    The third amended order was filed on October 3, 2011. In the order, the district court twice stated: "Defendant is to be released upon the completion of Tulsa County Case No. CF-2007-4807." By the time of this order, however, Mr. Brown had already completed his Tulsa sentence.

The Muskogee judge might have accomplished the same result by modifying his initial sentence. *See* Okla. Stat. tit. 22 § 982a. For example, instead of amending the initial sentence, the Muskogee judge could have modified the sentence to six months and eleven days, which would have resulted in Mr. Brown's simultaneous discharge of both sentences on September 27, 2011.

6

Because the Muskogee judge's third amended order was a nullity, the federal district court had two options: It could disregard the third amended order or recharacterize it in a way that would conform to Oklahoma law. Either option would be fatal to Mr. Brown's § 1983 claim.

If the federal district court were to disregard the third amended order, the Muskogee sentence would have been concurrent (but not coterminous) with the Tulsa sentence. Mr. Brown began serving the Muskogee sentence in February 2011 (while he was also serving the Tulsa sentence). The time served would be (and was) credited against both sentences. But Mr. Brown started serving the Muskogee sentence after spending over a month in prison on the Tulsa sentence. Thus, the first option would require Mr. Brown to stay in prison after he completed the Tulsa sentence.

The federal district court chose not to treat the third amended order as a nullity. Instead, the court recharacterized the order in a way that conformed to Oklahoma law. Under this characterization, the Muskogee sentence was to end when the Tulsa sentence ended (without consideration

But the Muskogee judge did not purport to modify the sentence. If he had considered modification, he would have had to convene a hearing, obtain a written report from the Department of Corrections, and provide notice to the Department of Corrections, Mr. Brown, and the district attorney. Okla. Stat. tit. 22 § 982a(B)-(C). The Muskogee judge did not do any of that.

of any credits earned on the Tulsa sentence). This characterization benefited Mr. Brown, but not enough to support a constitutional claim.

Mr. Brown began serving the Tulsa sentence in January 2011. Because the sentence was two years, the Tulsa sentence would have ended in January 2013 without consideration of credits. The federal district court assumed (for Mr. Brown's benefit) that the Muskogee judge was imposing a two-year sentence that would have ended in January 2013 (rather than February 2013) absent any credits. Though this assumption shortened Mr. Brown's sentence by about a month, it did not matter because Mr. Brown got out of prison long before January 2013.

The federal district court's interpretation of the third amended order is debatable. But even without that assumption, the third amended order would have lacked any legal effect because it would have created a coterminous sentence, which is not recognized in Oklahoma.

With or without the federal district court's assumption, Mr. Brown's Muskogee sentence would have continued after discharge of the Tulsa sentence. Under the federal district court's assumption (in favor of Mr. Brown), he could expect release once he served the two years of his Tulsa sentence. *See Warnick v. Booher*, 144 P.3d 897, 901 (Okla. Crim. App. 2006). That expectation was satisfied, for Mr. Brown was released within

8

a year of the time he began serving the Tulsa sentence. Because Mr. Brown was not incarcerated beyond the terms of the Muskogee sentence, the § 1983 claim fails as a matter of law. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) ("A convicted person has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence."). Thus, we affirm the award of summary judgment to the Defendants.

**V.     Leave to Proceed in Forma Pauperis**

Mr. Brown has not only appealed, but also requested leave to proceed in forma pauperis. We grant this request because Mr. Brown cannot afford to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1).