McCLENDON, J.
Jeremy Strickland, an inmate in the custody of the Department of Public Safety and Corrections ("the Department"), who is housed at Rayburn Correctional Center, appeals the district court's dismissal of his petition for judicial review challenging the Department's calculation of his sentence. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On April 12, 2016, Mr. Strickland initiated a complaint under the Louisiana Corrections Administrative Remedy Procedure Act ("CARP"), LSA-R.S. 15:1171, et seq. , asserting that the Department had miscalculated his sentence. Specifically, Mr. Strickland notes that the Twenty-First Judicial District Court judgment containing his sentence ordered the multiple sentences to run "concurrent and coterminous."
*972 [1] Mr. Strickland avers that the Department failed to recognize the term "coterminous" in calculating his sentence. Mr. Strickland's request for relief was denied in both the first and second steps.
Mr. Strickland then sought review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Following a hearing on January 17, 2017, a Commissioner[2] issued a report recommending that the district court deny Mr. Strickland's request for relief, reasoning, in part:
The Department is charged with carrying out the sentence imposed by the Court. The Judge sentenced [Mr. Strickland] to 40 years on each forcible rape charge for which he was convicted. At that time the Judge ordered that those sentences were to run concurrent, the Court also ordered [Mr. Strickland] to serve 40 years with the Department, and Mr. Thiel, [Mr. Strickland's] attorney, agreed.
It is clear that [Mr. Strickland] was sentenced to many terms of confinement, running concurrent, but also that he was sentenced to serve 40 years with the Department, and that is the controlling sentence. [Footnote omitted.]
The district court, after considering the Commissioner's report, the administrative record, and Mr. Strickland's traversal, affirmed the Department's decision and dismissed the matter with prejudice.
Mr. Strickland has appealed, asserting that the district court erred by not ordering the Department to carry out the sentences imposed by the sentencing judge.
DISCUSSION
Mr. Strickland notes that it is well settled that the determination of the sentence a defendant is to serve, and what, if any, conditions are to be imposed on that sentence, is made by the trial judge, not the defendant's custodian. The custodian's *973 obligation is to see that the sentence imposed is the sentence served. Blair v. Stalder, 99-1860 (La.App. 1 Cir. 1/31/01), 798 So.2d 132, 139. Thus, the Department is charged with the responsibility of complying with any conditions placed on a sentence by the trial judge. Id.
Mr. Strickland contends that the district court erroneously and unlawfully denied him the coterminous designation of his sentence. Moreover, he asserts that neither the Department nor the Nineteenth Judicial District Court had authority to remove such designation insofar as he had been sentenced by the Twenty-First Judicial District Court. Mr. Strickland contends the Nineteenth Judicial District Court erred in failing to order the Department to comply with the sentencing order of the Twenty-First Judicial District Court. Alternatively, Mr. Strickland contends that this matter should be remanded to the Twenty-First Judicial District Court to resolve the issue of his sentences and how they should be served.
We recognize that there is a difference between concurrent and conterminous sentences. Concurrent sentences are when "[t]wo or more sentences of jail time [are] to be served simultaneously." Black's Law Dictionary 1569 (10th ed. 2014). That does not mean that the sentences will end at the same time. Brown v. Parker, 771 F.3d 1270, 1272 (10th Cir. 2014). When the sentences are to end at the same time, the second one is called "coterminous." Id. Although unclear from his appellant's brief, Mr. Strickland seemingly posits that the release should occur when his shortest sentence of all his concurrent felony sentences has been completed, or after serving his 10-year sentence for unauthorized use of a motor vehicle.[3]
We note that some states authorize coterminous sentences in at least some circumstances. See Brown, 771 F.3d at 1273. In Brown, however, the federal court recognized that the state of Oklahoma did not authorize coterminous sentences. Rather, the court noted that Oklahoma district courts, pursuant to their statutory authority,[4] can make sentences either concurrent or consecutive. Id. Accordingly, the federal court indicated it could disregard an order *974 that the sentences be coterminous or re-characterize the sentences in a way that would conform to Oklahoma law. Id. ; see also Carroll v. Alabama Dept. of Corrections, 167 So.3d 376, 378 (Ala.Crim.App. 2014) ("Thus, because an Alabama court does not have the legal authority to sentence a defendant to 'coterminous' sentences, the [district court's] order purporting to do so was a nullity.").[5]
Similarly, Louisiana law statutorily authorizes concurrent and consecutive sentences, but does not provide for coterminous sentences. Specifically, LSA-C.Cr.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
Moreover, the Louisiana Supreme Court has never authorized coterminous sentences. Further, in an earlier denial of a writ application wherein Mr. Strickland sought to withdraw his prior pleas, this court stated, in part:
It is unfortunate that the trial court repeated the term coterminous, which [Mr. Strickland's] attorney mentioned first, when imposing relator's sentences. Nevertheless, a review of the entire guilty plea transcript makes it absolutely clear that in exchange for [Mr. Strickland's] no contest pleas, [Mr. Strickland] would be sentenced to a total of forty years imprisonment at hard labor for the numerous offenses. The guilty plea transcript further reflects that defense counsel advised [Mr. Strickland] that if he were eligible for good time, the shortest sentence he would serve in prison would be thirty-four years. For these reasons, this Court finds that [Mr. Strickland's] no contest pleas were not induced by a plea bargain which promised that [Mr. Strickland] would be released upon completion of his shortest sentence.
See State v. Strickland, 15-1137 (La.App. 1 Cir. 9/8/15)(unpublished writ action), writ denied, 15-1843 (La. 10/10/16), 207 So.3d 402. Considering the above, we cannot conclude that the Department's calculations were improper. Mr. Strickland's assignments of error are without merit.
CONCLUSION
For the foregoing reasons, the district court's judgment dismissing Mr. Strickland's petition for judicial review is affirmed. Costs of this appeal are assessed against the plaintiff, Jeremy Strickland.
AFFIRMED.

On October 22, 2001, Mr. Strickland pled no contest to two counts of forcible rape, two counts of aggravated oral sexual battery, two counts of second degree kidnapping, false impersonation of a police officer, aggravated criminal damage to property, and two counts of solicitation of murder. He also pled guilty to two separate counts of misdemeanor theft, unauthorized use of a motor vehicle, three counts of simple burglary of an inhabited dwelling, and issuing worthless checks. For each count of forcible rape, the court sentenced Mr. Strickland to forty years at hard labor without benefit of parole during the first two years. For each count of oral sexual battery, the court sentenced Mr. Strickland to fifteen years imprisonment at hard labor. For each count of aggravated kidnapping, the court sentenced Mr. Strickland to forty years imprisonment at hard labor "at least two years of the sentence imposed shall be without benefit of parole." For false impersonation of a police officer, the court sentenced Mr. Strickland to ninety days in jail. For aggravated criminal damage to property, the court sentenced relator to fifteen years imprisonment at hard labor. For each count of solicitation of murder, the court sentenced relator to ten years imprisonment at hard labor. For each count of misdemeanor theft, the court sentenced relator to six months in jail. For unauthorized use of a motor vehicle, the court sentenced relator to ten years imprisonment at hard labor. For each count of simple burglary of an inhabited dwelling, the court sentenced relator to twelve years imprisonment at hard labor "at least one year" should be without benefit of parole. For issuing worthless checks, the court sentenced Mr. Strickland to six months in parish prison.

The office of commissioner of the Nineteenth Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. LSA-R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. LSA-R.S. 13:713(C)(5) ; see Martinez v. Tanner, 11-0692 (La.App. 1 Cir. 11/9/11), 79 So.3d 1082, 1084 n.3, writ denied, 11-2732 (La. 7/27/12), 93 So.3d 597.

See 16 Fla. Prac., Sentencing § 159, Sentencing Options-Coterminous sentencing (2017-2018 ed.), wherein the commentator explained coterminous sentences as follows:
Courts and prosecutors should be aware that, where a defendant is being sentenced to periods of incarceration for multiple offenses, language in the plea agreement [or] in the judge's sentencing order that the sentences shall be coterminous means that all sentences will end simultaneously with the shortest sentence, even if the intent of the court (and the prosecutor) was otherwise and even if the court sentenced the defendant to longer minimum mandatory sentences. If, for example, a defendant is sentenced simultaneously to a three-year minimum mandatory sentence for one count, a concurrent five-year Prison Releasee Reoffender sentence for another count, and a 10-year habitual offender sentence for a third count, and the plea agreement or sentencing order agreed to by the parties provides that all sentences shall be coterminous, the defendant's sentences will end upon completion of the three-year minimum mandatory sentence of the first count. Thus the language of cotermination will trump all other provisions as to sentence length in the absence of fraud, even if the insertion of such language is the result of mistake or misapprehension on the part of the court or the prosecutor.

22 Okl.St.Ann. § 976 provides:
If the defendant has been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses. Provided, that the sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence.

Moreover, the Alabama court noted that if a court imposes an unlawful sentence, such a challenge must be brought in the court that rendered the sentence rather than through a petition for a writ of habeas corpus filed in another court. Carroll, 167 So.3d at 378.