STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 0805

ZED SMITH

VERSUS

JAMES LEBLANC AND LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

JUDGMENT RENDERED: ___IJUL 0 8 2020___

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number C675369 • Section 22

The Honorable Timothy Kelley, Judge Presiding

* * * * * * *

| | |
|---|---|
| Zed Smith, D.O.C. #315930<br>*David Wade Correctional Center*<br>Homer, Louisiana | APPELLANT, IN PROPER PERSON<br>PLAINTIFF—Zed Smith |
| | |
| Susan Wall Griffin<br>Baton Rouge, Louisiana | ATTORNEY FOR APPELLEE<br>DEFENDANT—Louisiana<br>Department of Public Safety and<br>Corrections |

* * * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

*McClendon, J.. concurs with opinion with reasons*

*Welch, J.. dissents and assigns reasons*

**HOLDRIDGE, J.**

Zed Smith, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the "Department") and confined to the David Wade Correctional Center, appeals a judgment of the district court dismissing his petition for judicial review of Administrative Remedy Procedure No. DWCC-2018-0469 ("ARP") and affirming the Department's final decision in this matter. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Smith was convicted and sentenced for a crime in federal court under docket number 2004-265 in the Eastern District of Louisiana.[1] While he was in federal custody, on September 3, 2013, he appeared before and pled guilty to separate state criminal charges in the 24th Judicial District Court for the Parish of Jefferson and was sentenced for those crimes by Judge Raymond S. Steib, Jr.[2] For the first (count I), he was sentenced to 15 years (to be served without benefit of probation, parole, or suspension of sentence for 5 years) and for the other charge (count II), he was sentenced to 15 years. As to count II, he was subsequently adjudicated as a habitual offender, the original sentence was vacated and he was sentenced to 15 years without benefit of probation or suspension of sentence. The minutes, sentencing transcript, and commitment order indicates that the sentences in the state proceeding were imposed "concurrently" with each other and "concurrent and coterminously" to his federal sentence.

In June 2015, Smith was released from federal custody. In June 2017, he was remanded to the custody of the Department for the completion of his state sentences. In Smith's ARP, he claimed that he was erroneously remanded to the

---

[1] The record does not contain any specific details concerning Smith's federal conviction or sentence.

[2] According to Smith's ARP, the charges against him were possession with intent to distribute a controlled dangerous substance (heroin) and obstruction of justice.

custody of the Department after his release from federal custody because in the state proceedings, his plea agreement was for concurrent and coterminous sentences to his federal sentence. Thus, Smith sought to be immediately released from the custody of the Department. The Department denied the relief, maintaining that while his federal and state sentences were running concurrent with each other, they did not end at the same time and Louisiana did not recognize coterminous sentences. Smith then instituted this proceeding, seeking judicial review of the Department's decision.

On March 18, 2019, the commissioner assigned to this matter issued a report recommending to the district court that the Department's decision be affirmed and that Smith's petition be dismissed. The commissioner noted that although the sentencing court in the state proceedings used the terms "concurrent" and "coterminous" interchangeably and did not distinguish the terms, there was no specific statement by the sentencing court that the Louisiana sentences were to run and end at the same time as Smith's federal sentence. The commissioner further noted that in Louisiana, La. C.Cr.P. art. 883 authorizes a court to sentence an offender either consecutively or concurrently, but does not provide for the imposition of coterminous sentences. Lastly, the commissioner noted that there was nothing in the sentencing transcript to indicate that the use of the term concurrent and coterminous meant anything other than the intention that Smith would serve his Louisiana sentences concurrent to his federal sentence and, that once he finished his service requirements on the federal sentence, he would be transferred to the custody of the Department to begin serving the remainder of his Louisiana sentences minus credit for time served in federal custody. Accordingly, the commissioner concluded that Smith failed to establish that the Department's decision was arbitrary, capricious, manifestly erroneous, or in violation of his statutory or constitutional rights because the Department's decision was based on

3

the premise that Louisiana does not allow for the imposition of coterminous sentences. Thus, the commissioner recommended that the Department's decision be affirmed and Smith's suit should be dismissed with prejudice at his cost.

After considering the entire record of the proceedings, on April 9, 2019, the district court adopted the commissioner's recommendation and signed a judgment dismissing Smith's petition with prejudice and affirming the Department's decision. From this judgment, Smith has appealed.

## LAW AND DISCUSSION

There is a difference between "concurrent" and "coterminous" sentences. **Strickland v. Louisiana Department of Public Safety and Corrections**, 2017-0829 (La. App. 1st Cir. 12/21/17), 240 So.3d 970, 973. Concurrent sentences are when two or more sentences of jail time are to be served simultaneously. *Id.*, quoting **Black's Law Dictionary** 1569 (10th ed. 2014). A concurrent sentence does not mean that the sentences will end at the same time. **Strickland**, 240 So.3d at 972, citing **Brown v. Parker,** 771 F.3d 1270, 1272 (10th Cir. 2014). When the sentences are to end at the same time, the sentence is called "coterminous." *Id.*

As the commissioner correctly noted, Louisiana law authorizes concurrent and consecutive sentences, but does not provide for coterminous sentences. See **Strickland**, 240 So.3d at 974. More specifically, La. C.Cr. P. art. 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

A review of the record reveals that the minutes of the court, the sentencing transcript, and the commitment order issued by the sentencing court provide that Smith's sentences in the state proceeding were imposed "concurrent and

coterminously" to his federal sentence. Louisiana does not recognize conterminous sentences. Louisiana law statutorily only authorizes concurrent and consecutive sentences. See La. C.Cr.P. art. 883; **Strickland**, 240 So.3d at 974. Therefore, it is impossible to give effect to the coterminous provision in Smith's sentence.

Based on our review of the record, we find no error in the district court's dismissal of Smith's petition for judicial review. Regardless of whether Smith's claims concerning the legality of his sentence have merit, the 19th Judicial District Court lacked jurisdiction to grant Smith the relief that he sought. A district court lacks authority to correct an illegal sentence on a petition for judicial review. **Boddye v. Louisiana Department of Corrections**, 2014-1836 (La. App. 1 Cir. 6/26/15), 175 So.3d 437, 442, writ denied, 2015-1688 (La. 10/30/15), 180 So.3d 303. While an illegal sentence may be corrected at any time, only the sentencing court itself or the appellate court having jurisdiction over the sentencing court have authority to do so. La. C.Cr.P. art. 882(A); **Boddye**, 175 So.3d at 442. Since Smith was sentenced in Jefferson Parish, neither the 19th Judicial District Court nor this court have jurisdiction over petitioner's illegal sentence claims. See **Campbell v. Louisiana Department of Public Safety and Corrections**, 2017-1002 (La. App. 1st Cir. 2/16/18), 2018 WL 914304, at *1 (unpublished), writ denied, 2018-0359 (La. 1/28/19), 262 So.3d 900.

The proper procedure for Smith to seek the relief he requests is through a motion to correct an illegal sentence filed in the court that imposed his sentence. Thus, any challenges to the legality of Smith's sentence should be filed in the 24th Judicial District Court for the Parish of Jefferson. **Campbell**, 2018 WL 914304, at *2. Accordingly, we do not find merit in Smith's appeal and affirm the rulings of the district court and the Department.

## CONCLUSION

For the above and foregoing reasons, we affirm the April 9, 2019 judgment that dismissed Zed Smith's petition for judicial review, with prejudice. All costs of this appeal in the amount of $1,150.50 are assessed to the plaintiff, Zed Smith.

**AFFIRMED.**

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 0805

## ZED SMITH

### VERSUS

## JAMES LEBLANC AND LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*PMc* *Luy* *JEW* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., concurring.**

I disagree with the conclusion that the 19th Judicial District Court and this court lack jurisdiction. However, based on the fact that Louisiana does not provide for coterminous sentences, I concur in the affirmance of the trial court's judgment. Additionally, I note that Mr. Smith has not raised with this court the potential nullity of his plea agreement.

ZED SMITH

VERSUS

JAMES LEBLANC AND LOUISIANA
DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS

NUMBER: 2019 CA 0805

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

WELCH, J., dissenting.

I respectfully disagree with the majority opinion in this matter because I believe there is a question as to the validity of Zed Smith's plea agreement and that the Louisiana Department of Public Safety and Corrections should be ordered to comply with the sentencing order issued by Judge Raymond S. Steib, Jr. in the 24th Judicial District Court.

As the majority correctly notes, there is a difference between "concurrent" and "coterminous" sentences; however, Louisiana law only authorizes concurrent and consecutive sentences and does not provide for coterminous sentences.. **Strickland v. Louisiana Department of Public Safety and Corrections**, 2017-0829 (La. App. 1st Cir. 12/21/17), 240 So.3d 970, 973-974. Nonetheless, the sentencing court in the state proceedings, Judge Steib in the 24th Judicial District Court, *unquestionably* and *specifically* ordered that Smith's sentences in the state proceedings were to run "concurrent and coterminously" to his federal sentences and further, that these sentences were imposed pursuant to plea agreements. Thus, there is a question as to the validity of Smith's plea agreement.

In determining the validity of plea agreements, courts generally refer to rules of contract law. **Boddye v. LA. Dept. of Corrections**, 2014-136 (La. App. 1st Cir. 6/26/15), 175 So.3d 437, 441, <u>writ denied</u>, 2015-1688 (La. 10/30/15), 180 So.3d 303. A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906; **Boddye**, 175 So.3d at 441. An obligation cannot exist without a lawful cause. La. C.C. art. 1966; **Boddye**,

175 So.3d at 441. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. La. C.C. art. 1968; **Boddye**, 175 So.3d at 441. Moreover, a contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral; a contract that is absolutely null may not be confirmed. **Boddye**, 175 So.3d at 441, citing **State v. Byrnside**, 34948 (La. App. 2nd Cir. 8/22/01), 795 So.2d 435, 437-438.

Herein, to the extent that Smith's sentences in the state court proceedings were imposed "concurrent and coterminously" to his federal sentence and violates Louisiana law, the plea agreements on which Smith's sentences are premised appear to be absolute nullities.[1] However, notwithstanding whether the underlying plea agreement is an absolute nullity that the sentencing court in the state proceeding should not have accepted, it must be recognized that what is to be enforced by the Department is not the plea agreement itself, but the actual sentencing order imposed by the sentencing court. See **Boddye**, 175 So.3d at 441. Herein, given that the minutes of the court, the sentencing transcript, and the commitment order issued by the sentencing court provide that Smith's sentences in the state proceeding were imposed "concurrent and coterminously" to his federal sentence, I find that the Department and the district court erred in failing to enforce the governing sentencing orders, in determining that Smith was not entitled to the relief that he requested in his ARP, or in otherwise concluding that Smith was properly remanded to the custody of the Department after his release from federal custody.

---

[1] However, I also recognize that "[i]t is well settled in Louisiana jurisprudence that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case, a defendant has been denied due process of law because the plea was not given freely and knowingly." **Boddye**, 175 So.3d at 441 n.5, quoting **Blair v. Stalder**, 99-1860 (La. App. 1st Cir. 1/31/01), 798 So.2d 123, 138 n.7.

It is well settled that the determination of the sentence a defendant is to serve, and what, if any conditions are to be imposed on that sentence is made by the sentencing trial judge, not the defendant's custodian. **Boddye**, 175 So.3d at 441. The custodian's obligation is to see that the sentence imposed is the sentence served. *Id.* As such, the Department is charged with complying with any conditions placed on a sentence by the sentencing court. *Id.* Herein, the Department declined to follow the sentence imposed by the sentencing court on the basis that Louisiana did not recognize coterminous sentences. However, despite the illegality of Smith's sentence, I believe that the Department lacked the authority to unilaterally correct the error committed by the sentencing court; instead, such error may only be corrected by the sentencing court itself or on direct appellate review. See **Boddye**, 175 So.3d at 442. Likewise, the district court herein lacked the authority to correct the illegal sentences on judicial review. *Id.*

Accordingly, I would find merit in Smith's appeal and reverse the rulings of the district court and the Department. In accord, **Boddye**, 175 So.3d at 442.[2]

Thus, I respectfully dissent.

---

[2] I recognize that in **Strickland**, 240 So.3d at 974, which involved the use of the terms "concurrent and coterminous" in reference to the imposition of multiple sentences, this Court found no error in the decision of the Department or the district court not to recognize the term coterminous with regard to the inmate's sentence. Therein, although the term coterminous was used, the sentencing transcript was clear that that in exchange for the inmate's plea of no contest, he would be sentenced to a total of forty years and was advised that if he were eligible for good time, the shortest sentence he would serve in prison would be thirty-four years. Additionally, the no contest plea was not induced by a plea bargain which promised that the inmate would be released upon completion of his shortest sentence. **Strickland**, 240 So.3d at 974. In this case, the sentencing transcript is clear that Smith's sentences were concurrent and coterminous with his federal sentence and that such sentences were imposed as part of his plea agreement. Therefore, I find **Strickland** is distinguishable and the result reached in this case should be controlled by **Boddye**, 175 So.3d at 442.