# Third District Court of Appeal
## State of Florida

Opinion filed November 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1988
Lower Tribunal Nos. F12-129, F18-7224

_____

**John Esty**,
Petitioner,

vs.

**James Reyes, et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for petitioner.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Shanika A. Graves, Assistant County Attorney, for respondent James Reyes; Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for respondent the State of Florida; and Ashley Moody, Attorney General, and Sheron Wells, Assistant Attorney General (Tallahassee), for respondent the Florida Department of Corrections.

Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

Petitioner, John Esty, an incarcerated prisoner, seeks a writ of habeas corpus. In his petition, he claims his detention is unlawful and he is entitled to immediate release because he has completed his sentence. Esty admitted to a probation violation and entered a plea of no contest to new felony charges. Pursuant to a plea agreement, the trial court imposed concurrent and coterminous sentences, and the parties stipulated as to the proper computation of credit for time served. It is axiomatic that the oral pronouncement of a sentence controls over the written sentencing document. See Williams v. State, 957 So. 2d 600, 603 (Fla. 2007). Further, given the credit stipulation and effective mitigation of sentence, Esty has completed his sentence and is therefore entitled to immediate release. See Jefferson v. Fla. Parole Comm'n, 982 So. 2d 743, 744 (Fla. 2d DCA 2008) ("A coterminous sentence is a sentence that runs concurrently with another and terminates simultaneously."); Moore v. Pearson, 789 So. 2d 316, 319 (Fla. 2001) ("[A] coterminous sentence is a sentencing decision in which a court exercises its discretion to mitigate a defendant's sentence."). Accordingly, we exercise our jurisdiction pursuant to Article V, section 4(b)(3) of the Florida Constitution and grant the petition. See Anglin v. Mayo, 88 So. 2d 918, 919–20 (Fla. 1956) ("If it appears . . . that a man is being illegally restrained of his liberty, it is the responsibility of the court to . . . issue such

2

appropriate orders as will do justice.").   This opinion shall take effect immediately notwithstanding the filing of any motion for rehearing.